## SILAS OVERMIRE *vs.* JULIA A. HAWORTH.

Submitted on briefs, Nov. 16, 1891.  Decided Feb. 8, 1892.

**Judgment at Law, when not Requisite before Equity will Enforce Resulting Trust.**—A nonresident debtor having paid the consideration for the purchase of real property in this state, and having fraudulently procured the property to be conveyed to another, and having no property within this state, a resident creditor may enforce against such real estate the resulting trust declared by statute, without first having procured and sought to enforce a personal judgment against the nonresident debtor.

*Birdsall* v. *Fischer*, 17 Minn. 100, (Gil. 76,) not followed in its application to such a case.

Appeal by defendant, Julia A. Haworth, from a judgment of the district court of Hennepin county, *Lochren*, J., entered March 12, 1891.

The plaintiff, Silas Overmire, of Minneapolis, was employed by Lysander L. Haworth, of Illinois, in March, 1889, to trade $6,000 of stock in an Illinois coal company for real estate in Minneapolis. He made a trade with one Rogers, and by direction of Haworth had the lots he took in exchange for the stock deeded to his wife, the defendant, Julia A. Haworth. For his services in negotiating the exchange plaintiff charged his employer, Lysander L. Haworth, $600.

Haworth was insolvent, and had no other property in this state. The lots were deeded to his wife to hinder, delay, and defraud his creditors. Plaintiff by this action asked that it might be adjudged that Lysander L. Haworth is indebted to him $600, and interest, and that the debt is a lien upon the lots, and that they be sold to satisfy this debt and costs; claiming that a trust resulted in favor of him, a creditor, when the husband paid the consideration, but had the grant made to his wife. 1878 G. S. ch. 43, §§ 7, 8.

The action was tried February 4, 1891, without a jury, and findings were made and judgment entered for the plaintiff substantially as asked in the complaint. The defendant appealed.

*C. L. Smith* and *Brooks & Hendrix*, for appellant.

Plaintiff by this action seeks to enforce the trust declared to exist in favor of creditors by 1878 G. S. ch. 43, §§ 7, 8. He is a mere creditor at large. His debt has never been ascertained or determined by judgment. No judgment existing against the alleged debtor, it follows, of course, that no execution has or could be issued against him. The alleged debtor is not made a party to the action, or given any opportunity to disprove the debt or fraud charged against him; and the action is not brought for the benefit of all creditors, or to remove any obstacle impeding the enforcement of any lien which plaintiff has upon this property. Under the facts found by the court, plaintiff is not entitled to the relief decreed him by this judgment.

Except for section eight (8) of the statute in question, plaintiff could not proceed against this property. When he seeks to avail himself of the remedy which that section affords, he must comply with the conditions imposed by law. An essential prerequisite is a recovery of a judgment against the debtor. *Estes* v. *Wilcox*, 67 N. Y. 264; *Allyn* v. *Thurston*, 53 N. Y. 622.

In *Massey* v. *Gorton*, 12 Minn. 145, (Gil. 83,) plaintiff, a mere creditor at large, sought to enforce in his favor a resulting trust under an averment that the debtor was wholly insolvent; but the court refused.

On the other hand, in *Moffatt* v. *Tuttle*, 35 Minn. 301, it is decided that a judgment creditor may maintain the action upon the mere showing that the judgment debtor is insolvent, and has no property

MINNESOTA REPORTS, vol. 48.

subject to execution. In other words, insolvency of the debtor may render it unnecessary to issue execution, but does not dispense with or lessen the necessity for the recovery of a judgment at law.

But it is claimed that the nonresidence of the alleged debtor and the fact that he has no property within this state make this case an exception to general rules. As evidence of debt, the judgment of a sister state is conclusive. Such a judgment fulfills the requirements of the rule that the debt shall be first ascertained, established, and determined by an action at law. It may be ineffectual as a remedy, but it is conclusive as an adjudication. *McCartney* v. *Bostwick,* 32 N. Y. 53 ; *Smitherman* v. *Allen,* 6 Jones, Eq. 17; *Reese* v. *Bradford,* 13 Ala. 837 ; *Smith* v. *Moore,* 35 Ala. 76; *Ballou* v. *Jones,* 13 Hun, 629.

*Hahn & Hawley,* for respondent.

This is not an action to establish the indebtedness against L. L. Haworth, neither is it an action to set aside the deed given to his wife as fraudulent, but is brought for the sole and only purpose of enforcing a resulting trust created by 1878 G. S. ch. 43, § 8. He has, and can have, no interest in the determination of this case. The questions involved arise only between the trustee and *cestui que trust.* He has and can have no interest in the property sought to be reached. It is the defendant's property absolutely, except so far as it may be charged with a resulting trust in favor of Haworth's creditors, and then only to the extent that may be necessary to satisfy their just demands.

The sole controversy is between the grantee in the deed and the creditor. It is the grantee's property which is proposed to be taken by virtue of the trust, which exists solely for the creditor's benefit. In seeking to enforce that trust the creditor must establish, by original evidence, not only the fact that the consideration for the conveyance was paid by the debtor, but the further fact that the plaintiff was the creditor of the party paying such consideration at the time the conveyance was made. On this point the judgment, if there was one, in favor of the plaintiff and against the debtor, would by no means conclude the grantee.

It is true that, as a general proposition, all legal remedies must

be exhausted before resorting to a court of equity for relief. This rule can only mean, so far, at least, as a citizen of our own state is concerned, the exhaustion of his legal remedies in this state; and where it appears, as it does in this case, that there are no legal remedies here of any kind, the court should not require the plaintiff to do something which he cannot do here before lending him its aid. This is a very different case from that of a creditors' bill to set aside a deed. The distinction between the two cases, as well as the plaintiff's right to maintain this action, is forcibly stated in the case of *McCartney* v. *Bostwick*, 32 N. Y. 53.

Where the debtor is a nonresident, the courts will not require the obtaining of judgment or the issuance of an execution before a bill can be maintained to reach his property. *Scott* v. *McMillen*, 1 Litt. (Ky.) 302; *Kipper* v. *Glancey*, 2 Blackf. 356; *Peay* v. *Morrison*, 10 Grat. 149; *Pendleton* v. *Perkins*, 49 Mo. 565; *Catchings* v. *Manlove*, 39 Miss. 655; *Kinloch* v. *Meyer*, 1 Speer, Eq. 427; *Farrar* v. *Haselden*, 9 Rich. Eq. 331; *Merchants' Nat. Bank* v. *Paine*, 13 R. I. 592.*

DICKINSON, J. This action is prosecuted to enforce a resulting trust, under 1878 G. S. ch. 43, §§ 7, 8, as respects certain land in this state, which upon purchase were conveyed to the defendant, her husband, one L. L. Haworth, having paid the whole consideration therefor. The plaintiff is a simple contract creditor of L. L. Haworth, who resided in the state of Illinois when the debt was contracted, and who ever since has resided there. The said debtor, Haworth, has never owned any property within this state. He procured the conveyance of the land in question to be made to the defendant, his wife, with intent to defraud his creditors, including the plaintiff. It does not appear whether the debtor, Haworth, is solvent or insolvent. By the terms of the statute above cited a trust in the land results in favor of the creditors of the person paying the consideration "to the extent that may be necessary to satisfy their just demands." In *Massey* v. *Gorton*, 12 Minn. 145, (Gil. 83,) it was said that a mere simple contract creditor is not entitled to relief under this statute; that he must obtain judgment at law before seeking relief in equity.

*(Note. See National Tube Works Co. v. Ballou, 146 U. S. 517; Case v. Beauregard, 101 U. S. 688; and Chadbourn v. Coe, 45 Fed. Rep. 822, affirmed C. C. A. 51 Fed. Rep. 470, and cases there cited.—Reporter.)

And in *Moffatt* v. *Tuttle*, 35 Minn. 301, (28 N. W. Rep. 509,) it was decided that a creditor is not entitled to such relief until he has exhausted his remedies at law. It was considered, in that case, to be a sufficient reason for refusing the aid of equity to enforce the statutory trust that it was not shown that execution had been returned unsatisfied, or that the judgment debtor was insolvent, or had no property subject to execution. It must be regarded as the general rule, in this state at least, that the creditor must proceed to recover and enforce judgment at law against his debtor before he will be allowed to maintain an action of an equitable nature to enforce the statutory trust. But the rule which forbids resort to equity for relief when there is an adequate legal remedy is not to be applied with such strictness as to practically deny to a party having a right against another, legal or equitable, any reasonably available means of enforcing it. It is true that an equitable suit will not be entertained if there is no necessity for resorting to such a proceeding. But, even though the law does offer a remedy which may be resorted to, still, if it be not *adequate* to the requirements of the case, equity should not refuse its aid within the proper scope of its jurisdiction. If the legal remedy be not reasonably available and effectual, there would seem to be no reason forbidding resort to equitable relief. For instance, a fraudulent debtor may abscond to some distant but known place, as to India, leaving no property within our jurisdiction which can be reached by attachment or ordinary legal proceedings, but leaving property which, by the aid of a court of equity, may be reached and appropriated to the satisfaction of his debts. We think that equity would not refuse to exercise its ordinary jurisdiction in favor of a creditor, under such circumstances, for the reason merely that he might secure a legal recovery and satisfaction in India, but at an expense far greater than the amount of his debt. In such a case, and in others which will readily occur to the mind, it is obvious that the ordinary course of legal proceedings affords in reality no adequate or real means of redress.

Upon the point here in question there is a conflict of authority. We think that the better reason supports the view that the resulting trust created by the statute may be enforced in favor of one of

our citizens, even though he has not recovered a judgment for his debt, the debtor being a nonresident, and beyond the jurisdiction of our courts, and having no property here which can be appropriated by legal proceedings to the satisfaction of the debt. In support of this conclusion the following authorities may be cited: *Merchants' Nat. Bank* v. *Paine,* 13 R. I. 592; *Kipper* v. *Glancey,* 2 Blackf. 356; *Stanton* v. *Embry,* 46 Conn. 595; *Peay* v. *Morrison's Ex'rs,* 10 Grat. 149; *Scott* v. *McMillen,* 1 Litt. (Ky.) 302; *Anderson* v. *Bradford,* 5 J. J. Marsh. 69; *Kinloch* v. *Meyer,* 1 Speer, Eq. 427; *Farrar* v. *Haselden,* 9 Rich. Eq. 331; *Pendleton* v. *Perkins,* 49 Mo. 565; and see High, Inj. § 29. In so deciding we decline to follow or to apply in the case before us the ruling upon the last ground stated in the opinion in *Birdsall* v. *Fischer,* 17 Minn. 100, (Gil. 76.) The case before us does not require that we consider or determine whether the nonresidence of a debtor and the nonexistence of a legal remedy in the courts of our own state is always to be regarded as a sufficient reason for invoking the aid of equity. It is sufficient to say that such a case is deemed to justify the enforcement, in favor of a resident creditor, of the *specific trust* resulting under the statute from the fraudulent conduct of the nonresident debtor in procuring property purchased by him, and over which our jurisdiction extends, to be conveyed to a voluntary grantee for the purpose of keeping it beyond the reach of his creditors. The objection that the plaintiff had not reduced his demand to judgment, as he could not have done without going to a foreign state for that purpose, and that the proof of his debt in this action was not conclusive personally upon the debtor, is not a sufficient reason for refusing to enforce the trust which was imposed on the land when the debtor purchased it, and, for the purpose of defrauding his creditors, procured the conveyance to be made to the defendant. This objection might be urged with equal force against the propriety of allowing legal proceedings by attachment against the property of nonresident debtors to satisfy debts for which no personal judgment is recovered.

Judgment affirmed.

(Opinion published 51 N. W. Rep. 121.)