### D. C. RULE v. OMEGA STOVE & GRATE COMPANY and Others.[1]

May 8, 1896.

Nos. 9234—(4).

**Foreign Corporation—Stockholders' Liability—How Enforced.**

A creditor of an insolvent foreign corporation may maintain in this state, against its stockholders of whom the court has jurisdiction, an action in the nature of a creditors' bill to obtain payment of his claim against such corporation from the unpaid balances of subscriptions by such stockholders to its capital stock. The remedy provided by G. S. 1894, §§ 2600–2602, is not applicable where it is sought to reach such unpaid subscriptions to the stock of a foreign corporation. First Nat. Bank v. Gustin Minerva Con. Min. Co., 42 Minn. 327, commented on.

**Same—Judgment against Corporation.**

Such creditor must first obtain judgment against the corporation, and have execution returned unsatisfied in the state where he brings his action to enforce such stockholders' subscription, or he must show that it was impossible so to do.

**Same.**

The complaint in this action alleges that the plaintiff is a creditor of an Ohio corporation; that he has obtained judgment against the corporation in the courts of that state; that execution has been returned wholly unsatisfied; that the corporation has ceased to do business, has disposed of all of its assets, and has now no property. *Held*, that the complaint shows that it is practically impossible to obtain a personal judgment against the corporation in this state.

Appeal by defendant L. F. Hubbard from an order of the district court for Goodhue county, Williston, J., overruling a demurrer to the complaint. Affirmed.

*F. M. Wilson*, for appellant.

A judgment obtained in another state cannot be the foundation of a creditors' bill in this. It must be sued over before it becomes a judgment for the purpose of any remedy here. Claflin v. McDermott, 12 Fed. 375; Walser v. Seligman, 13 Fed. 415; McLure v. Benceni, 2 Ired. Eq. 513; Tarbell v. Griggs, 3 Paige, 207; Davis v. Bruns, 23 Hun, 648; Steere v. Hoagland, 39 Ill. 264;

[1] Reported in 67 N. W. 60.

Farned v. Harris, 19 Miss. 366; Berryman v. Sullivan, 21 Miss. 65; Bullitt M. & Co. v. Taylor, 34 Miss. 708; Brown v. Bates, 10 Ala. 432; Greenway v. Thomas, 14 Ill. 271; Patterson v. Lynde, 112 Ill. 196; May v. Black, 77 Wis. 101, 45 N. W. 949; Erickson v. Nesmith, 4 Allen, 233; Bank of Virginia v. Adams, 1 Pars. Eq. Cas. 534; National Tube Works v. Ballou, 42 Fed. 749; Globe Rolling Mill Co. v. Ballou; 42 Fed. 749; Turner Bros. v. Alabama Min. & Manuf'g Co., 25 Ill. App. 144; Nimick v. Mingo Iron Works Co., 25 W. Va. 184; Freeman, Ex'ns, § 427; Beach, Mod. Eq. Jur. § 889, p. 954, and note 4; 2 Black, Judgm. § 862; Murfree, Foreign Corp. § 394 et seq.; Rorer, Interstate Law, 290, 291; Rocky Mount. Nat. Bank v. Bliss, 89 N. Y. 338; Lowry v. Inman, 46 N. Y. 119; Christenson v. Eno, 106 N. Y. 97, 12 N. E. 648; New Haven Horse-Nail Co. v. Linden Spring Co., 142 Mass. 349, 7 N. E. 773; Post v. Toledo, C. & St. L. R. Co., 144 Mass. 341, 11 N. E. 540; Bank of N. Am. v. Rindge, 154 Mass. 203, 27 N. E. 1015. Conceding that the corporation has ceased to exist, a bill might be filed in Ohio to wind up its affairs, and have a receiver appointed, and that receiver might in our courts prosecute actions for the recovery of unpaid balances due on the capital stock. Patterson v. Lynde, supra, and authorities cited. The remedy prescribed by the statute of the state from which the corporation derives its charter should be stated in the complaint, and it should be made to appear therein that it can be employed in this state. Rice v. Merrimack Hosiery Co., 56 N. H. 114.

*Albert Johnson* and *John F. Merrill*, for respondent.

START, C. J. The complaint herein attempts to state two causes of action. The first one is to reach and apply upon the debt of the defendant corporation to the plaintiff certain unpaid subscriptions by the individual defendants to the capital stock of the corporation. The second one is to enforce against the stockholders a further liability created by the laws of the state of Ohio to an amount equal to the stock owned by each of them. The defendant Hubbard demurred to the entire complaint, and from an order overruling his demurrer he appealed. If the complaint states any cause of action, the order must be affirmed.

As to the second alleged cause of action, the allegations of the

complaint are manifestly insufficient, as the trial court held. The language of the Ohio statute set out in the complaint is to the effect that the stockholders of a corporation which may be hereafter formed, and such stockholders as are now liable, shall be deemed and held liable, in addition to their stock, to an amount equal to their stock; but the complaint does not state when the defendant corporation was formed, or show that it belongs to the class of corporations upon whose stockholders the double liability has been imposed.

As to the first cause of action the allegations of the complaint are substantially as follows: The defendant company is a corporation for profit, organized under the laws of the state of Ohio, with a capital stock of $150,000, divided into shares of the par value of $100 each. On December 22, 1891, in the court of common pleas of the county of Cuyahoga, in the state of Ohio, the plaintiff duly recovered a judgment against the defendant corporation upon a promissory note made by it in the sum of $1,969, which court then had jurisdiction of the parties to the action and of the subject-matter thereof. On January 21, 1892, an execution on such judgment was duly returned wholly unsatisfied, and no part of the judgment has ever been paid. The corporation has ceased doing business, disposed of all its assets, and has now no property. The individual defendants constitute all of the stockholders of the corporation, and they were each such stockholders at the time the plaintiff's debt was incurred, and at all times thereafter. Each of them duly subscribed for the capital stock of the corporation in the number of shares set opposite the name of each in the complaint. The defendant Hubbard subscribed for 15 shares, and neither he nor any other defendant has ever paid any part of his subscription for his stock. The fair inference from these allegations is that the defendant corporation is absolutely insolvent, and without any assets other than the stock subscriptions, and is a foreign corporation beyond the reach of the process of the court; hence the plaintiff cannot obtain a money judgment against it in this state in an action at law, and have execution returned unsatisfied. The complaint states that this action is brought on behalf of the plaintiff and all of the creditors of the corporation. The relief demanded is in these words: "Wherefore

plaintiff prays that the creditors of said company, and the amount due each, may be ascertained; that the stockholders of said company in arrear for payment of subscription to the stock of said company may be compelled to pay the balance due from them respectively upon said subscription; that judgment may be rendered against the said defendants for the amount due the creditors of said company in the premises, and for further equitable relief."

Unpaid stock subscriptions to the capital stock of a corporation may be reached by creditors of the corporation, and applied in payment of their claims, wherever and whenever the court can obtain jurisdiction of the stockholders, or any of them, whose subscriptions are unpaid, although the corporation is a foreign one. But the remedy adopted must be that of the forum. First Nat. Bank v. Gustin Minerva Con. Min. Co., 42 Minn. 327, 44 N. W. 198. In the case cited it is incidentally stated that the procedure adopted in Merchants' Nat. Bank v. Bailey Mnfg. Co., 34 Minn. 323, 25 N. W. 639, which was that provided by G. S. 1894, c. 34, §§ 2600–2602, was the proper one in cases against foreign corporations. But the case cited cannot be regarded as so holding, for what was said in the opinion as to the proper remedy was not necessary to the conclusion reached. A reading of the sections referred to indicates that they refer to domestic corporations organized under chapter 34, and do not include foreign corporations not within the jurisdiction of the court.

We infer from the brief of plaintiff's counsel that the complaint was framed with reference to these sections of the statute, but, if the complaint states facts entitling the plaintiff to equitable relief, it states a cause of action, without reference to the intentions of the pleader, for it is not the latter, but the complaint, which is demurred to. Where it is sought to impound the unpaid stock subscriptions of the stockholders of a foreign corporation in one action, and have the amount thereof applied equitably in payment of all of the debts of the corporation, an action in the nature of a creditors' bill is a proper remedy, if not the only one, unless otherwise provided by statute. 1 Cook, Stock. & Stockh. § 205. The facts alleged in the complaint state a cause of action in the nature of such a creditors' bill to reach unpaid subscriptions for the benefit of all of the creditors of the corporation.

The defendant's counsel, in his brief, correctly states that the complaint is in the nature of a creditors' bill to ascertain and recover unpaid stock subscriptions, and the general rule that a judgment obtained in another state cannot be the foundation of a creditors' bill in this state. Therefore, if it is necessary in all cases to recover a judgment, and have execution returned unsatisfied in the state of the forum, before such a creditors' bill can be maintained, the complaint in this action does not state a cause of action. The general doctrine is that a mere contract creditor, who has not obtained a judgment or specific lien on the property sought to be charged, has no standing to enforce a creditors' bill. Only judgment creditors can do so. Massey v. Gorton, 12 Minn. 83 (145), 90 Am. Dec. 288, and note. But this is not an invariable rule. The reason of the rule fails where legal process against the principal debtor in the state of the forum is impossible; hence a creditors' bill to reach property conveyed in fraud of creditors, or equitable assets, will lie in favor of a simple contract creditor against an absconding or nonresident debtor. Overmire v. Haworth, 48 Minn. 372, 51 N. W. 121. This exception applies to a creditor of a corporation seeking to reach stock subscriptions for the payment of his debt. The general rule is that such creditor must first obtain judgment against the corporation where he brings his action to enforce the stockholders' subscription; but where the principal debtor is a nonresident foreign corporation, and it is impossible to obtain such judgment, the rule does not apply. 1 Cook, Stock. & Stockh. §§ 200, 219, 223.

In the case of National Tube-Works Co. v. Ballou, 146 U. S. 517, 13 Sup. Ct. 165, it was held that the fact that the creditor had obtained a judgment, and had execution returned unsatisfied, against a foreign corporation in the state where it was organized, and that it had no assets wherewith to pay the claim of plaintiff, was not sufficient to show that it was impossible to obtain judgment against it in the state where the creditors' bill was brought to reach unpaid stock subscriptions. This case seems opposed to the decision of our own court in the case of Overmire v. Haworth. However this may be, it appears from the complaint in the case at bar that not only is the defendant a foreign corporation, but that it has ceased to do business, disposed of all of its assets, and

has now no property. This negatives any presumption that it has any officers or agents in this state upon whom service of process could be made, whereby plaintiff could obtain a personal judgment against the corporation in this state. As already suggested, the fair inference from these facts is that it is practically impossible to obtain such judgment. The complaint states a cause of action, and the demurrer was properly overruled.

Order affirmed.