J. C. GATES, DUNHAM, NORRIS & STILES, BRONSON & CARR, v. JAMES McCLENAHAN, SEWANNE M. STEVENSON, JAMES SMITH, as Executors and Trustees of the Estate of DAVID STEVENSON, Deceased, Appellants.

**Foreign executors:** ENFORCEMENT OF CLAIMS: EQUITABLE LIENS. The creditors of nonresident executors appointed in Iowa, holding in trust the title to real property in this State, may maintain an action in equity in our courts to subject the property to the payment of expenses incurred and services rendered at the instance of the executors, beneficial to the estate, without first exhausting their legal remedies against the executors.

*Appeal from Buchanan District Court.*— HON. F. C. PLATT, Judge.

WEDNESDAY, JULY 13, 1904.

THE petition in equity alleged that in 1892 David Stevenson died, leaving a will, in which he nominated the defendants as executors of his estate; that the will was duly admitted to probate in New York, and was subsequently admitted as a foreign will and recorded in Buchanan county; that on or about the 10th day of April, 1895, defendants qualified as executors of the estate of deceased in that county; that the will devised and bequeathed to said executors all his property, save certain legacies and the specified articles of personalty, in trust for the uses and purposes stated therein, and empowered them to dispose of any part of the estate at public or private sale on such terms as they might deem advisable; that deceased was owner of two hundred and eighty acres of land in Buchanan county, and twenty-eight lots in the town of Jesup; that in 1896 defendants, as executors and trustees, brought two actions in the district court

of Buchanan county — one to collect rent of said real estate from Catherine Stevenson, and the other against the same defendant and others — putting in issue the title to the land; that these actions were consolidated and tried, and the petitions dismissed, and Catherine Stevenson and others decreed to be owners of the real estate; that an appeal was thereupon taken to this court; that, before anything was done, save perfecting the appeal, the defendants discharged their attorneys who had tried their cause in the district court, and perfected the appeal, and employed the plaintiffs to prepare and file the abstract and arguments; that they rendered services such that the decree of the district court was reversed (*McClenahan v. Stevenson,* 118 Iowa, 106), and in February, 1903, a final decree was entered, in which defendants were declared to be owners of said property; that the services so rendered were reasonably worth $4,500, which defendants have failed and refused to pay; that plaintiffs expended in the necessary expenses in conducting said appeal the sum of $125, which has not been repaid; that defendants are residents of New York, and plaintiffs cannot recover their claims of them personally in the courts of this State. And the plaintiffs prayed for judgment for the amounts stated, and that the same be decreed a lien and charge upon the property of the trust estate, and that a writ of attachment issue and be levied thereon. The defendants moved first that the action be transferred to the law side of the calendar, on the ground that no issue triable in equity was stated in the petition, and, subject to the ruling thereon, that it be transferred to the probate docket, and finally that the several paragraphs be stricken, because of not stating a cause of action. Later defendants moved that the attachment be dissolved. Both motions were overruled, and an answer ordered to be filed within thirty days. From these rulings the defendants appeal.— *Affirmed.*

*Cook & Leach,* for appellants.

*J. C. Gates, Dunham, Norris & Stiles,* and *Bronson & Carr, per sese.*

LADD, J.— The defendants are the executors of the last will and testament of David Stevenson, Jr., deceased. Property not specifically disposed of was left to them in trust for purposes specified in the will. A part of this was two hundred and eighty acres of land in Buchanan county, and twenty-eight lots in Jesup. Title thereto was claimed by Catherine Stevenson and others, but was finally held to have passed to defendants. *McClenahan v. Stevenson,* 118 Iowa, 106. After that cause had been appealed, the plaintiffs were employed by the defendants to prepare the abstracts and arguments in this court, and they rendered such services. The will of the decedent was admitted to probate in New York, where all the defendants reside. This action was in equity, and the relief prayed is that the value of plaintiffs' services be established as a lien or charge against the trust estate.

Ordinarily one employed in any capacity by an executor or trustee must look to the person employing him for compensation. As he is accountable to his principal only, and not to those owning the estate, he has no lien on the property being administered. *Rickel v. Ry.,* 112 Iowa, 148; *Clark v. Sayre,* 122 Iowa, 591; 2 Perry on Trusts, section 907. But to this, as to nearly every other general rule, there are exceptions. For instance, if a particular person is directed to be employed in a stated capacity by the trust deed, he may claim a lien for his services, or where by the terms of that instrument the trustee is empowered to create a lien, and does so, it may be enforced. 3 Pomeroy, Equity 1085. There is also another exception which has found approval in several jurisdictions, and it is that, wherever the account of the trustee or executor is in such a condition that he would be entitled to be reimbursed from the funds of the estate, should he pay his creditor, and has become insolvent, or for any

reason cannot pay, the creditor may be allowed to take his place, and be paid out of the estate to the same extent. *Guerry v. Capers,* Bailey, Eq. 159; *Clopton v. Gholson,* 53 Miss. 466; *Norton v. Phelps,* 105 U. S. 393 (26 L. Ed. 1072); *Coopwood v. Wallace,* 12 Ala. 790. See *Valley National Bank v. Crosby,* 108 Iowa, 651. In *Clopton v. Gholson, supra,* the executors were dead, and nonresidence is mentioned in connection with insolvency as obviating the general rule. In *Norton v. Phelps,* 54 Miss. 467, one of the trustees was dead, and the other a nonresident. In the course of the opinion the court said in reference to one of the trustees: " He is a nonresident of the State of Mississippi, where the trust property is, and where the debt was contracted; and the creditor has the same rights, because of this, as to the trust property, as if Pearce was insolvent. The reason why the insolvency of a trustee is an element in the combination of circumstances admitting the creditor to proceed against the trust estate, is because of the inability of the courts to coerce the insolvent person to pay his liabilities; and the same considerations apply ordinarily, in case of the nonresidence of the trustee, with regard to his pecuniary condition, for a creditor asking the aid of our courts should not be dismissed because he might pursue a person to a foreign land, and there have a recovery against him. If he cannot obtain justice through our courts except by departing in an exceptional case from a rule of policy, to secure justice the departure should be made." In *Coopwood v. Wallace,* 12 Ala. 790, Coopwood and Driver were administrators of an estate. They employed Wallace and two others to attend to some litigation, but, as Wallace moved away, he withdrew. Afterwards Coopwood moved from the State, and Driver became insolvent, and Henderson was appointed in their stead. The court held that it would not drive Wallace to a foreign jurisdiction to recover his fees, or to a fruitless suit against Driver, but allow him to proceed directly against the estate of the deceased. This decision was disapproved in

*Jones v. Dawson,* 19 Ala. 672, apparently on the ground that the legal remedies against an insolvent should be exhausted before a resort should be had to a court of equity. The main objection seems to have been that allowance of the attorney's fee had not been made to the trustee. But in *Mulhall v. Williams,* 32 Ala. 489, the majority of the court announce their adherence to the principles laid down in *Coopwood's Case,* and say that it may be distinguished from *Jones v. Dawson,* as it may, on the grounds that the trustees of the estate in that case when the services were rendered had never been residents, and had not employed the claimant, who was an overseer engaged by one of the *cestuis que* trust. See, also, *Mosely v. Norman,* 74 Ala. 423.

The inclination of the courts to afford an adequate remedy is farther illustrated by *Pendleton v. Perkins,* 49 Mo. 565. There the city of St. Louis owed the debtor, and, under the laws of the State, it was not subject to garnishment. The debtor had absconded, and the court held that the money could be reached by an equitable garnishment, without first obtaining a judgment, or showing fraud or any other of the recognized grounds of relief. To the same effect, see *Dollman v. Moores,* 70 Miss. 267 (12 South. Rep. 23, 19 L. R. A. 222). In *Manderson's Appeal,* 113 Pa. 631 (6 N. E. Rep. 893), an attorney had rendered services to the trustee, beneficial to the estate, and, without paying therefor, the latter had absconded. A trust company was appointed trustee in his stead, and the account of the attorney was presented for allowance. It was rejected in the orphans' court, but the ruling was reversed by the supreme court of the State, saying that "there is no reason why the absconding trustee's sins, either of omission or commission, should be visited on a creditor of any class, who, at the instance of the trustee, having authority to employ him, has rendered necessary and beneficial services to the trust, and has not been compensated therefor." See *Price's Appeal,* 116 Pa. 410 (9 Atl. Rep. 856). In *Stanton v. Embry,* 46 Conn. 595, an ad-

ministrator had obtained a judgment in the District of Columbia which he ought not to enforce, and, in response to contention that relief should be sought in the court where rendered, it was said: " No legal remedy can be considered an adequate one, which a party is compelled to go into a foreign jurisdiction to avail himself of. It must be a remedy which our own courts can apply." Of course, the mere fact that a party against whom a citizen of this State has a claim is a nonresident is not enough to confer jurisdiction · on a court of equity, and, as contended by appellant, none of the decisions so hold. In such a case the remedy at law is adequate, for the debtor's property may be seized through the levy of a writ of attachment. But where the debtor's property is in the name of a trustee, the weight of authority, in harmony with our own decisions, is to the effect that an action may be maintained in equity to subject the property to the payment of the claim without first reducing it to judgment. *Taylor v. Branscombe,* 74 Iowa, 534; *Corn Exchange Bank v. Applegate,* 91 Iowa, 413. In the early cases of *Murray v. Toland,* 3 Johns. Ch. 569, and *Tone v. Bruce,* 8 Paige, 599, it was broadly stated that the mere fact of a party being a nonresident was not ground for the interposition of a court of equity; and these decisions were followed in *Birdsall v. Fischer,* 17 Minn. 100 (Gil. 76).

It is to be noted, however, that in none of these was the question of reaching trust property involved, and in *Overmire v. Haworth,* 48 Minn. 372 (51 N. W. Rep. 121, 31 Am. St. Rep. 660), the statement in *Birdsall's Case* was disapproved, and the rule laid down that property in the hands of a fraudulent grantee of a nonresident debtor may be subjected to payment of the claims of creditors without first exhausting legal remedies in another State. It is not because of the creditor's nonresidence that equity will grant relief in such cases. That merely obviates the necessity of exhausting the legal remedies. The ground of relief is that

only a court of equity can reach the property and enforce payment.   Only a court of equity can reach the trust estate to charge it with the expenses necessarily incurred by the trustee.   When judgment has been recovered against the latter, and he is insolvent, the right of the creditor to resort to the trust estate, if, upon payment by the trustee, he would be entitled to be recouped therefrom, ought not to be questioned.   But suppose such a judgment cannot be obtained. Should the creditor go without a remedy, or, what is often the same thing, owing to the inconvenience and expense involved, be relegated to another jurisdiction to secure it? We think the better rule, and that approved by the authorities cited, to allow recovery in a direct proceeding against the estate.   In the instant case the trust property, or a part of it, is in this State.   The expenses incurred in the employment of plaintiffs were for its preservation, and we think them entitled to proceed against it for their compensation, without first exhausting their legal remedies against the nonresident executors.   The fact that they were also appointed in this State upon the admission of the will as a foreign will to probate can make no difference, as this did not bring them, in their individual capacity, within the jurisdiction of our courts.— AFFIRMED.