## NELS BRUCE v. J. C. HOIDAL and Another.[1]

November 15, 1912.

Nos. 17,832—(139).

**Creditor's bill — complaint defective.**

A complaint in the nature of a creditor's bill, from which it appears that another action has been begun and is still pending to determine the liability of a resident defendant on the facts stated in the bill, such action not having proceeded to judgment or verdict, though a writ of attachment has been issued therein, but no property sought to be reached by the present suit has been levied upon, *held* demurrable, for the reason that plaintiff has neither exhausted nor fully made use of the legal remedies afforded in such pending action.

Action in the district court for Hennepin county to determine that defendant Weum hold the title to certain land in Polk county in trust for defendant Hoidal, and to permit plaintiff to issue a writ of attachment against the land until the final determination of two other actions by plaintiff against defendant Hoidal. From an order, Dickinson, J., sustaining defendants' demurrer to the complaint, plaintiff appealed. Affirmed.

*Olof L. Bruce,* for appellant.

*Wright & Matchan,* for respondents.

HOLT, J.

Appeal from an order sustaining a demurrer to a complaint in the nature of a creditor's bill. To an understanding of the question presented, this short summary of the facts alleged may be sufficient: June 18, 1910, plaintiff contracted to buy from defendant Hoidal certain lands in Canada. In September following Hoidal induced plaintiff to turn over to him the purchase price, but has failed to deliver the deed as agreed, or give possession of the land, and by reason thereof plaintiff lost, in addition to the land, the opportunity to crop

[1] Reported in 138 N. W. 313.

Note.—The authorities on the question of conditions precedent to equitable remedies of creditors are collated in an exhaustive note in 23 L R.A.(N.S.) 1.

it, and he asks for specific performance or damages. In November, 1909, plaintiff claims Hoidal sold him twenty-eight shares of stock, fraudulently representing such stock to be worth par, or $100 per share. Nineteen of the shares thus sold were accepted by Hoidal as part payment of the Canada land, when he induced plaintiff to pay the purchase price as above stated, and at the same time he obtained possession of the other nine shares. These he refuses to return, and plaintiff avers that, when he ascertained that Hoidal had misrepresented the value of the shares, he offered to rescind. The shares were not worth more than one-third of the represented value. Plaintiff has begun two actions in the district court of Hennepin county against Hoidal, one of which is for specific performance or damages for breach of the contract to convey the said Canada lands, and the other for deceit in the sale of said nine shares of stock. Then it is alleged that on June 10, 1910, Hoidal, who had bought and paid for valuable land in Polk county, conspired with his uncle, Weum, the other defendant herein, to place such land beyond the reach of Hoidal's creditors, and for that purpose the conveyance was taken in the name of Weum, in trust for Hoidal. Hoidal has no other property, except certain real estate in Minneapolis, Minnesota, and it is averred that as to the latter he has placed mortgages thereon for more than its value, but that these mortgages were so placed for the purpose of defrauding his creditors and placing the property out of their reach. In said pending actions against Hoidal a writ of attachment issued; but there is no allegation that the same was levied either upon the Polk county land or upon the real estate in Minneapolis. Plaintiff in the present action asks that the court adjudge the legal title to the Polk county land to be in Hoidal, and that said land be attached and held to respond to any judgment that may be entered in said pending actions against Hoidal.

For the purpose of this decision we may assume that the allegations in the complaint are sufficient to show that the land in Polk county, although the legal title thereto is in Weum, is in fact Hoidal's, and may be reached by the creditors of the latter, regardless of the time the indebtedness was incurred. Therefore we may regard the pleading as in the nature of a creditor's bill. In this state the

rule appears well settled that in such an action the complaint must show that the creditor has exhausted his remedy at law, or at least proceeded far enough to have obtained a judgment against defendant or a lien on the property by him fraudulently attempted to be covered up. Massey v. Gorton, 12 Minn. 83 (145), 90 Am. Dec. 287; Wadsworth v. Schisselbauer, 32 Minn. 84, 19 N. W. 390; Spooner v. Travelers Ins. Co. 76 Minn. 311, 79 N. W. 305, 77 Am. St. 651; Williams v. Kemper, 99 Minn. 301, 109 N. W. 242. However, where it appears that the remedy at law is unavailing, because the debtor has absconded or is a nonresident, equity will give relief. Overmire v. Haworth, 48 Minn. 372, 51 N. W. 121, 31 Am. St. 660; Rule v. Omega Stove & Grate Co. 64 Minn. 326, 67 N. W. 60.

But such is not this case. On the contrary, plaintiff has elected to bring two separate actions against Hoidal, without therein joining Weum, or attempting to reach property in Weum's hands belonging to Hoidal. He has therein obtained writs of attachment, but has not caused the same to be levied on the Polk county lands, nor on the Minneapolis real estate of Hoidal, so far as the allegations go. It occurs to us that the pleader has succeeded in showing that he has an ample statutory remedy. But, if he has not, he can, by the use of the attachment, secure himself, or at least obtain a position where he has some basis for asking equitable relief.

The cases of Pendleton v. Perkins, 49 Mo. 565, and Gates v. Mc-Clenahan, 124 Iowa, 593, 100 N. W. 479, relied on by plaintiff, do not sustain him, but are in accord with the holding of this court in Overmire v. Haworth, supra. It is not necessary here to consider the doctrine announced in Case v. Beauregard, 101 U. S. 688, 25 L. ed. 1004; Chamberlin v. Jones, 114 Ind. 458, 16 N. E. 178; Miller v. Hughes, 38 S. C. 513, 17 S. E. 366, and Early Times v. Zieger, 9 N. M. 31, 49 Pac. 723, to the effect that it is not necessary under certain conditions to exhaust the legal remedies against a debtor before suit in the nature of a creditor's bill; for, as above stated, it appears that in the actions pending plaintiff has remedies that he has not exhausted, nor used to an extent of becoming effective.

Order affirmed.