### ADLER GOLDMAN COMMISSION CO. et al. v. WILLIAMS et al.

#### (District Court, W. D. Arkansas, E. D. March 9, 1914.)

1. **ABATEMENT AND REVIVAL (§ 17*)—ANOTHER ACTION PENDING—TIME AND MANNER OF PLEADING.**

   The pendency of another action for the same relief cannot be raised by a motion to dismiss the bill, which, under Equity Rule 29, takes the place of a demurrer, but must be set up in the answer; a motion to dismiss only reaching matters appearing on the face of the bill.

   [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 123–136; Dec. Dig. § 17.*]

2. **ABATEMENT AND REVIVAL (§ 12*)—ANOTHER ACTION PENDING—ACTIONS IN STATE AND UNITED STATES COURTS.**

   An action in a United States District Court does not abate because of the pendency of an action for the same relief in a state court.

   [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 87–91, 94, 95, 98; Dec. Dig. § 12.*]

3. **COURTS (§ 276*)—UNITED STATES COURTS—DISTRICT IN WHICH TO SUE— OBJECTIONS—WAIVER.**

   In a suit in a United States District Court between citizens of different states to set aside alleged fraudulent conveyances, defendants waived their objections to the bringing of the suit in a district in which none of the parties resided, by moving to dismiss not only on that ground, but also for insufficiency of the bill, since the diversity of citizenship gave some United States court jurisdiction, and the defendant by pleading to the merits in effect appeared generally and waived all special privileges in respect to the particular court in which the action was brought.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. § 276.*]

4. **FRAUDULENT CONVEYANCES (§ 241*)—ACTIONS TO SET ASIDE—NECESSITY OF JUDGMENT.**

   While as a general rule a creditor's bill to set aside a fraudulent conveyance can be maintained only by one who has reduced his claim to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judgment and had execution issued thereon and returned unsatisfied, since the debtor is entitled to a trial by jury as to the correctness of plaintiff's demand, and the remedy at law must have been exhausted and the existence of a lien on the property or interest therein by contract or judgment is required, where it was admitted, by a motion to dismiss, that plaintiff's demand was valid; that the debtor was wholly insolvent, and had no property anywhere subject to execution, and had left the state in which the land fraudulently conveyed was situated—plaintiffs' failure to reduce his demand to judgment did not defeat his right to sue, since a jury trial is unnecessary where the demand is admitted, the recovery of judgment is dispensed with where it is improper or impossible or would be useless, a judgment in another state would be no better than no judgment as a condition precedent to such suit, and, moreover, a judgment is not a lien on realty fraudulently conveyed; it being the filing of the creditor's bill which creates the lien.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 694, 696–726; Dec. Dig. § 241.*]

Suit by the Adler Goldman Commission Company and another against F. S. Williams and others. On motion to dismiss the bill. Motion overruled.

This is a bill to set aside certain conveyances of real estate made by the defendant F S. Williams to his codefendants, one of whom is his wife and the other his stepson, alleged to have been made for the purpose of defrauding the plaintiffs, his creditors. The material allegations in the bill are that plaintiffs are corporations created by and existing under the laws of the state of Missouri, and that the defendants are citizens of the state of South Carolina; that in 1911 the defendant F. S. Williams was indebted to each of the plaintiffs in sums exceeding $3,000, exclusive of interest and costs, as evidenced by his promissory notes; that to secure the payment of the indebtedness due the commission company the defendant pledged certain shares of stock of the fertilizer company, the value of which is not more than one-half of the indebtedness due the commission company; that the only property which defendant owned at that time, in addition to the stock pledged, was the lands sought to be reached by this bill; that on October 8, 1911, without any consideration, and for the purpose of defrauding these plaintiffs, he conveyed to his wife, the defendant Viola Williams, 742.67 acres of land lying in Clark county, Ark., and on August 25, 1913, he conveyed to the defendant Smith, his stepson, certain property lying in the city of Argenta, Ark., all of which property is situated within the jurisdictional limits of this court; that the defendant F. S. Williams had no other property whatever; that he does not reside in the state of Arkansas, and cannot be served with process here. The prayer of the bill is that the plaintiffs have judgment against the defendant F. S. Williams for the sums due them, that the conveyances to his codefendants be set aside and the lands be subjected to the payment of plaintiffs' demands, and that the pledged stock be sold and the proceeds applied to the payment of their claims. The defendant filed a motion to dismiss, setting up three grounds in support thereof: (1) That similar actions to attain the same object have been instituted by the plaintiffs in courts of Arkansas and are now pending. (2) That it appears from the face of the bill that although there is a diversity of citizenship between the plaintiffs and defendants, neither of them are residents of the state of Arkansas or of this district. (3) That plaintiffs not having reduced their demands to judgment and execution issued, which was returned unsatisfied, a court of equity has no jurisdiction.

Rose, Hemingway, Cantrell & Loughborough, of Little Rock, Ark., for plaintiffs.

Harry H. Myers and O. D. Longstreth, both of Little Rock, Ark., for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

TRIEBER, District Judge (after stating the facts as above). [1, 2] The first ground set up in the motion to dismiss must be overruled, as the fact that another action is pending in a court of this state cannot be properly raised by a motion to dismiss. By Equity Rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) the motion to dismiss takes the place of a demurrer under the former rules, and the rule governing demurrers applies; that only matters appearing on the face of the bill can be reached by a motion to dismiss. Under the old rules these facts would be raised by a plea in abatement, and to sustain it would require evidence. Special pleas of abatement are now abolished by Equity Rule 29, but may be set up in the answer. In any event the plea would be bad. This court had that question before it a short time ago in Falls City Construction Co. v. Monroe County (D. C.) 208 Fed. 482, and it is unnecessary to repeat the reasons why such a plea is not good.

[3] The second ground of the motion to dismiss, that neither parties are residents of this district, raises a very nice question as to whether a creditor's bill may be maintained in a national court when there is a diversity of citizenship, but neither of the parties reside in the district where the suit is brought, although the property sought to be reached by the bill is realty lying in that district. But this question cannot be determined in this cause now, as it has been authoritatively settled that when a party demurs, not only to the jurisdiction of the court, but also pleads to the merits of the bill, such a motion is equivalent to a general appearance, and waives, not only all defects in the service, but all special privileges of defendant in respect to the particular court in which the action is brought. As there is a diversity of citizenship, which gives some national court jurisdiction, this ground must be overruled. In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164; Western Loan & Trust Co. v. Butte & Boston Mining Co., 210 U. S. 368, 372, 28 Sup. Ct. 720, 52 L. Ed. 1101. The defendants in their motion to dismiss not only question the jurisdiction of this court, but also attack the sufficiency of the bill, and for this reason have waived their privilege of being sued in this court, if such privilege existed.

[4] This leaves for determination the main question whether, upon the facts stated in the bill, a creditor's bill can be maintained when the demand has not been reduced to a judgment, an execution issued and returned unsatisfied. Section 3313 of Kirby's Digest of the Statutes of Arkansas provides:

"In suits to set aside fraudulent conveyances, and to obtain equitable garnishments, it shall not be necessary for the plaintiffs to obtain judgment at law in order to prove insolvency, but in such case insolvency may be proved by any competent testimony, so that only one suit shall be necessary in order to obtain the proper relief."

In Scott v. Neeley, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358, and Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 37 L. Ed. 804, involving a similar statute of the state of Mississippi, it was held that a suit under such a statute by a simple contract creditor could not be maintained in the courts of the United States, although it might be in the courts of that state. In view of the conclusions reached it is un-

necessary for the court to determine whether these cases have been modified or overruled by Cowley v. R. R. Co., 159 U. S. 569, 16 Sup. Ct. 127, 40 L. Ed. 263, as was intimated in Darragh v. H. Wetter Mfg. Co., 78 Fed. 7, 23 C. C. A. 609. The general rule prevailing in the national courts, as well as in courts of equity generally, is well established that, to maintain a creditor's bill to set aside a fraudulent conveyance, the creditor must have reduced his claim to judgment, have an execution issued upon the judgment and returned unsatisfied. The reasons upon which this rule is based, as enunciated by the different courts which have passed upon that question, are: (1) A debtor is entitled to a trial by jury for the purpose of determining the correctness of the demand, and there can be no jury trial in a court of equity; (2) to justify the interposition of a court of equity, the remedy at law must have been exhausted, and that can be shown by proof that a judgment had been obtained, an execution issued thereon, and returned nulla bona; (3) the existence of a lien upon the property, or interest in the property, created either by contract or by a judgment which is a lien.

As to the right of a trial by jury to have the validity of the demand determined, it is sufficient to say that the justice of the demands is not questioned. The motion to dismiss admits them. That being the case, there is nothing to submit to a jury, and equity never requires a useless thing to be done. A creditor need not reduce his claim to judgment where the correctness of the claim is admitted or not denied. D. A. Thompkins Co. v. Catawba Mills (C. C.) 82 Fed. 780; Nieters v. Brockman, 11 Mo. App. 600; Cohen v. Morriss, 70 Ga. 313.

As to the second ground the courts have established several exceptions to the general rule. One of them is that when it is shown that it is impossible or impracticable to obtain a judgment, another if a judgment has been secured, there is no property which can be subjected to an execution. Still another exception is when the property has been fraudulently conveyed by the debtor, then the remedy at law is wholly inadequate, and a resort to equity may be had. Thus, it has been held that the issuance of an execution is not a necessary prerequisite to a creditor's bill when it appears that a debtor has no property which is subject to an execution at law and the issuance of the execution would be of no practical utility. Sage v. Memphis & Little Rock R. R. Co., 125 U. S. 361, 8 Sup. Ct. 887, 31 L. Ed. 694; Johnson v. Powers, 139 U. S. 156, 11 Sup. Ct. 525, 35 L. Ed. 112; Talley v. Curtain, 54 Fed. 4, 4 C. C. A. 177; Schofield v. Ute Coal & Coke Co., 92 Fed. 269, 34 C. C. A. 334; Lazarus Jewelry Co. v. Steinhardt, 112 Fed. 614, 50 C. C. A. 393.

As stated in Sage v. R. R. Co., supra:

"When the suing out of an execution would be an idle ceremony, causing useless expense and being of no real benefit to the plaintiff, it is unnecessary."

The courts almost universally recognize the rule that where the recovery of a judgment at law is impracticable or impossible, it is not an indispensable requisite to a creditor's bill. Kennedy v. Creswell, 101 U. S. 641, 645, 25 L. Ed. 1075; Case v. Beauregard, 101 U. S. 688, 690, 25 L. Ed. 1004; Mellen v. Moline Iron Works, 131 U. S. 352, 9 Sup. Ct. 781, 33 L. Ed. 178; National Tube Works v. Ballou, 146 U.

S. 517, 523, 13 Sup. Ct. 165, 36 L. Ed. 1070; Wyman. v. Wallace, 201 U. S. 230, 26 Sup. Ct. 495, 50 L. Ed. 738; Hibernia Insurance Co. v. St. Louis & New Orleans Trans. Co. (C. C.) 10 Fed. 596; Consolidated Tank Line Co. v. Kansas City Varnish Co. (C. C.) 45 Fed. 7; Guaranty Title & Trust Co. v. Pearlman (D. C.) 144 Fed. 550.

In Case v. Beauregard, supra, the court said:

"It is no doubt generally true that a creditor's bill to subject his debtor's interests in property to the payment of the debt must show that all remedy at law had been exhausted. And generally, it must be averred that judgment has been * * * issued, and that it has been returned nulla bona. The reason is that until such a showing is made, it does not appear, in most cases, that resort to a court of equity is necessary, or, in other words, that the creditor is remediless at law. In some cases, also, such an averment is necessary to show that the creditor has a lien upon the property he seeks to subject to the payment of his demand. The rule is a familiar one that a court of equity will not entertain a case for relief where the complainant has an adequate legal remedy. The complaining party must therefore, show that he had done all that he could do at law to obtain his rights. But, after all, the judgment and fruitless execution are only evidence that his legal remedies have been exhausted, or that he is without a remedy at law. They are not the only possible means of proof. The necessity of resort to a court of equity may be made otherwise to appear. Accordingly the rule, though general, is not without many exceptions. Neither law nor equity required a meaningless form. 'Bona, sed impossibilia non cogit lex.' It has been decided that where it appears by the bill that the debtor is insolvent, and that the issuing of an execution would be of no practical utility, the issue of an execution is not a necessary prerequisite to equitable interference" (citing authorities).

In Kennedy v. Creswell, supra, it was said:

"The authorities are abundant and well settled that a creditor of a deceased person has a right to go into a court of equity for a discovery of assets and the payment of his debt. When there, he will not be turned back to a court of law to establish the validity of his claim."

This rule has been recognized by the highest courts of most of the states.

In addition to the case from the state courts cited in that case, the following are a few of the many which recognize the same rule: Skilton v. Codington, 185 N. Y. 80, 77 N. E. 790, 113 Am. St. Rep. 885; Greenway v. Thomas, 14 Ill. 271; Austin v. Morris, 23 S. C. 393.; Earle v. Grove, 92 Mich. 285, 52 N. W. 615; Albany, etc., Co. v. Southern Agr. Works, 76 Ga. 135, 2 Am. St. Rep. 26; Mill Co. v. Kampe, 38 Mo. App. 234.

In Skilton v. Codington, the court said:

"The rule that a creditor must first recover a judgment is simply one of procedure, and does not effect the right."

Nonresidence of the debtor is another exception which. has been almost universally recognized; the reason being that he cannot be served with process upon which a personal judgment can be obtained. Scott v. McMillen, 1 Litt. (Ky.) 302, 311, 13 Am. Dec. 239; Quarl v. Abbett, 102 Ind. 233, 1 N. E. 476, 52 Am. Rep. 662; Peay v. Morrison, 10 Grat. (Va.) 149; Pope v. Solomons, 36 Ga. 541; McKeldin v. Gouldy, 91 Tenn. 677, 20 S. W. 231; Taylor v. Branscombe, 74 Iowa, 534, 38 N. W. 400; Bank v. Paine, 13 R. I. 592; Humphreys v. Atlantic Milling Co., 98 Mo. 542, 10 S. W. 140; Overmire v. Ha-

worth, 48 Minn. 372, 51 N. W. 121, 31 Am. St. Rep. 660; Rule v. Omega Stove Co., 64 Minn. 326, 67 N. W. 60; Droop v. Ridenour, 9 App. D. C. 95, 104; Supplee Hdw. Co. v. Driggs, 13 App. D. C. 272. Some of these cases were against corporations and in some of the opinions expressions are found that the assets of an insolvent corporation are a trust fund for the benefit of its creditors, and therefore may be reached in equity without a judgment at law and an unsatisfied execution. But in Swan Land & Cattle Co. v. Frank, 148 U. S. 603, 609, 13 Sup. Ct. 691, 37 L. Ed. 577, and Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 379, 14 Sup. Ct. 127, 37 L. Ed. 1113, it was expressly held that the same rule governs creditors' bills against corporations as against individuals. To like effect are Streight v. Junk, 59 Fed. 321, 8 C. C. A. 137; Adee v. Bigler, 81 N. Y. 349; McKee v. City Garbage Co., 140 Mich. 497, 103 N. W. 906; Atlas Natl. Bank v. John Moran Packing Co., 138 Mo. 59, 39 S. W. 71; Ready v. Smith, 170 Mo. 163, 70 S. W. 484.

It is only when a court of equity has taken charge of the property of an insolvent corporation that it becomes a trust fund. The bill charges, and the motion to dismiss admits, that the defendant debtor is wholly insolvent, and has no property anywhere subject to execution, having transferred it to his codefendants for the purpose of defrauding plaintiffs; that he has left this state so that there can be no service of process on him in an action at law, which would enable plaintiffs to obtain a personal judgment against him in the state of Arkansas, where the property sought to be subjected to the payment of the plaintiffs' claims is situated, and which is all the property he owns and can be thus subjected. Then, how can the plaintiffs obtain a remedy at law which is at all adequate? It is true a personal judgment can be recovered against him in the courts of South Carolina where he resides, but, as he has no property there subject to execution, it would not enable plaintiffs to obtain any relief. He could no more maintain a creditor's bill on a judgment of a court of another state, than if he had no judgment. National Tube Works v. Ballou, supra. It was there held:

"Where it was sought by equitable process to reach an equitable interest of a debtor, the bill, unless otherwise provided by statute, must set forth a judgment in the jurisdiction where the suit in equity is brought, the issuing of an execution thereon, and its return unsatisfied, or must" by the allegations, show "that it is impossible to obtain such a judgment in any court within such jurisdiction."

To the same effect are Claflin v. McDermott (C. C.) 12 Fed. 375; United States v. Ingate (C. C.) 48 Fed. 251; Union Trust Co. v. Boker (C. C.) 89 Fed. 6.

The allegations in the bill bring this case clearly within these exceptions. No personal judgment can be obtained against the defendant Williams in any court of this state where the property is situated as he cannot be served with process in this state. As to the necessity of a lien, if created by a judgment, it is sufficient to say that the legal title to these lands having been conveyed by him to his codefendants, it is the settled rule of the court of the United States, and the courts of the state of Arkansas, that a judgment is not a lien on realty which

has been fraudulently conveyed. It is only the filing of the creditor's bill which creates the lien. Luhrs v. Hancock, 181 U. S. 567, 573, 21 Sup. Ct. 726, 45 L. Ed. 1005; Miller v. Sherry, 2 Wall. 237, 17 L. Ed. 827; Freedman's Savings & Trust Co. v. Earle, 110 U. S. 710, 4 Sup. Ct. 226, 28 L. Ed. 301; In re Estes (D. C.) 3 Fed. 134; Neal v. Foster (C. C.) 36 Fed. 29, affirmed 144 U. S. 585, 12 Sup. Ct. 759, 36 L. Ed. 552; Doster v. Manistee National Bank, 67 Ark. 325, 55 S. W. 137, 48 L. R. A. 334, 77 Am. St. Rep. 116; Longino v. Ball-Warren Commission Co., 84 Ark. 521, 106 S. W. 682; Boyd v. Arnold, 103 Ark. 105, 146 S. W. 118. In Luhrs v. Hancock the court quotes with approval from and adopts the opinion in Re Estes, saying:

"The rule and the reason for it are admirably expressed by Judge Deady in Re Estes [D. C.] 3 Fed. 134"

—and then quotes the following:

"In my opinion, the lien of a judgment which is limited by law to the property of or belonging to the judgment debtor at the time of the docketing does not, nor cannot without doing violence to this language, be held to extend to property previously conveyed by the debtor to another by deed valid and binding between the parties. A conveyance in fraud of creditors, although declared by the statute to be void as to them, is nevertheless valid as between the parties and their representatives, and passes all of the estate of the grantor to the grantee; and a bona fide purchaser from such grantee takes such estate even against the creditors of the fraudulent grantor, purged of the anterior fraud that affected the title. Such a conveyance is not, as has been sometimes supposed, 'utterly void,' but it is only so in a qualified sense. Practically it is only voidable, and that at the instance of creditors proceeding in the mode prescribed by law, and even then not as against a bona fide purchaser. The operation of a lien of a judgment, being limited by statute to the property then belonging to the judgment debtor, is not a mode prescribed by which a debtor may attack a conveyance fraudulent as to himself, or assert any right as such against the grantor therein. This lien is constructive in its character, and is not the result of a levy or any other act directed against this specific property. It is the creature of the statute, and cannot have effect beyond it."

And it has been held by high authority that when the property is not subject to execution, no judgment is necessary. Phœnix Ins. Co. v. Abbott, 127 Mass. 558; Sandford v. Wright, 164 Mass. 85, 41 N. E. 120.

The motion to dismiss is overruled.