| Emily Tonge vs. Lewis J. Boss, Adm'r. et al. | Eq. No. 12878 |

April 10, 1935.

BAKER, P. J. This rescript is filed under the provisions of Sec. 10 of Chap. 324 of the General Laws of Rhode Island 1923, which said section has been recently added to said chapter by way of amendment.

This case is before the Court on demurrers of all the respondents to the bill of complaint. The complainant, among other facts, alleges in her bill that in 1925 she was employed by Charles E. Salisbury to care for one Ella J. Heathcote and continued in this employment for nearly two years. At that time Mr. Salisbury was the temporary guardian of the person and estate of the said Ella J. Heathcote and the respondent United States Fidelity and Guaranty Company was surety on his bond, Miss Heathcote having a substantial estate. The complainant was not paid for her services and brought an action at law against Mr. Salisbury in which eventually she recovered a judgment. (*Tonge* vs. *Salisbury*, 171 Atl. 372) While this suit was pending, Mr. Salisbury died and the respondent Boss was appointed administrator of his estate. Miss Heathcote died in 1929 and the respondent Clinton is the executor of her will. Mr. Salisbury never filed any account as temporary guardian of Miss Heathcote's estate. It is also alleged in the bill of complaint that the complainant filed her claim against the estate of Mr. Salisbury but that this estate has been declared insolvent. It is also alleged that Mr. Salisbury, after Miss Heathcote's death, turned over money representing practically all of the funds of the Heathcote estate in his hands as temporary guardian, to Mr. Clinton, and, further, that the latter has not as yet filed a final account as executor of the Heathcote estate.

The relief prayed for by the complainant is that the respondent Boss may be ordered to file, on behalf of Charles E. Salisbury, an account as temporary guardian of the Heathcote estate; that he may be also ordered to include in such an account the sum due the complainant for which she has recovered judgment and that she may be given a lien on the funds of the Heathcote estate for such sum. There is also a prayer for general relief.

The respondents have demurred to the bill on the grounds, first: that the complainant has an adequate remedy at law; secondly: that by suing Mr. Salisbury she has made an election and waived her right to recover elsewhere, and third: that she is not a person interested in the guardianship estate so as to be entitled to demand an accounting. The respondent United States Fidelity and Guaranty Company has also demurred on the ground that the proceedings against it are prematurely brought.

An examination of the facts alleged seems to show clearly that the complainant has not an adequate remedy at law. She has brought her action personally against Mr. Salisbury, filed her claim against his estate, and, according to the allegation in the bill, said estate is badly insolvent. It would appear, therefore, that whatever remedy at law she may have, it is not adequate. Further, it is settled in this state that upon the death of a personal representative, a probate court has no power to compel the decedent's personal representative to account.

*Moulton* vs. *Smith*, 16 R. I. 126.

It seems plain that by bringing her action at law against Mr. Salisbury, the complainant should not be held to have waived or surrendered such rights as she may have 'to pursue the assets of the Heathcote estate in equity. In

the case of *Tonge* vs. *Salisbury, supra,* it was clearly decided that, in the first instance, it was the complainant's duty to sue the temporary guardian individually on the contract for care and maintenance of the ward, since he was personally liable. This the complainant did. As that remedy has failed, it would seem that she now is in a position to ask for relief in equity.

It is well settled that in such a situation as is presented by the bill now before the Court, the complainant is entitled to follow the assets of the estate involved. In the case at bar the matter was a guardianship proceeding but it seems closely analogous to a trust estate.

The general rule as to trusts is stated as follows:

"In the absence of statute, probably all American jurisdictions would go at least as far as the English decisions in giving creditors an equitable remedy against the trust property where the trustee is insolvent or the creditors' remedy against him is inadequate for other similar reasons."

2 Perry on Trusts and Trustees, 7th ed. Sec. 815 b, p. 1384.

This rule has received support in this state in *Wadsworth, Howland & Co.* vs. *Arnold, Trustee,* 24 R. I. 32, which was a bill in equity brought to enforce a lien against a trust estate for merchandise sold to the trustee.

See also:

*Austin* vs. *Parker,* 317 Ill. 348;

*Gates* vs. *McClenahan,* 100 N. W. 479 (Ia.)

Most of the cases of this type appear to rest on the general theory of substitution.

The following cases may be cited in support of the general rule above referred to:

*Pike* vs. *Thomas,* 65 *Arkansas* 437;

*Clopton* vs. *Gholson,* 53 Miss. 466;

*Steele* vs. *Steele's Adm'r,* 64 Ala. 438;

*King* vs. *Pons,* 77 Florida 383.

After examining the bill of complaint, while the allegation is not directly made, the Court is of the opinion that it appears sufficiently clearly that Mr. Salisbury during his lifetime had not paid himself as guardian from the assets of the Heathcote estate moneys to cover the complainant's claim herein.

It has been settled in this state that it is proper to include in a guardian's account a charge for the ward's support even though the bill has not actually been paid at the time.

*Corcoran* vs. *Allen,* 11 R. I. 567.

This being so, it would seem that the complainant would be an interested party in any accounting of the Heathcote estate.

After giving the bill of complaint and the demurrers careful consideration, the Court is of the opinion that the demurrers of the respondents Boss and Clinton should be overruled.

In regard to the respondent United States Fidelity and Guaranty Company, however, in the judgment of the Court its demurrer should be sustained.

While it is true, that the Court is not in favor of multiplicity of actions, nevertheless as to this respondent no direct relief is asked for in the bill at this time. The bonding company's liability is entirely conditional and contingent upon the finding of certain facts. Until this liability is fixed and these facts are found, it is obviously very difficult for this respondent to make answer to the bill. It would appear, therefore, that as to the respondent United States Fidelity and Guaranty Company, the proceeding is prematurely brought.

For complainant: Moss, Haslam & Arnold.

For respondent: W. Louis Frost, Edward F. McElroy, Francis J. O'Brien.