## MILLER v. DAYTON.

1. **Judgment:** FRAUDULENT CONVEYANCE: EXECUTION. In order to subject real estate alleged to have been conveyed to defeat a judgment against the grantor to liability therefor, it is not necessary that an execution shall have been returned *nulla bona*. It is sufficient if the plaintiff show his inability to collect the judgment by execution.

2. ——: ——: EQUITABLE JURISDICTION. Where a father, pending an action against him, made a voluntary conveyance of certain realty to his son and certain other realty to his daughter, the deed in the latter case being filed for record but not recorded by reason of non-payment of fees, *held*, that the fact of a fraudulent conveyance being made to the daughter did not constitute a defense to an action for subjecting to the judgment the land conveyed to the son, and that the judgment creditor was entitled to relief in equity.

3. ——: ——: TORT. That the claim of the judgment creditor was founded on a tort, which at the time of the conveyance was not a debt, would not defeat his right to relief where the conveyance was made in pursuance of a fraudulent conspiracy to defeat such claim.

*Appeal from Washington Circuit Court.*

FRIDAY, DECEMBER 7.

ACTION in chancery to subject certain real estate to a judgment recovered by plaintiff against Lenox Dayton, on the ground that the property was conveyed to defendant for the purpose of defeating the collection of plaintiff's claim. The cause was sent to a referee, and upon his report a decree was rendered granting the relief prayed for in plaintiff's petition. Defendant appeals.

*McJunkin, Henderson & Jones*, for appellant.

*E. W. Stone*, for appellee.

BECK, J. The cause is brought here for review upon the report of the referee, the testimony not appearing in the record. The defendant, in the court below, filed exceptions to the referee's report, which were based upon the ground that the facts found did not warrant the relief prayed for in the petition. The exceptions were overruled and a decree rendered in accord with the report. This action of the court is assigned as error.

I. It appears from the findings of the referee that plaintiff, in an action of slander, recovered a judgment against

1. JUDGMENT: fraudulent conveyance: execution.

Lenox Dayton for $500 and costs, and that prior to the rendition of the judgment the defendant therein conveyed to his son, the defendant in this case, certain real estate which, by this action, is sought to be subjected to the plaintiff's judgment. It is insisted by defendant's counsel that the report of the referee shows that plaintiff is not entitled to relief in chancery, because he has not shown that he has no remedy against the judgment defendant, Lenox Dayton. It is claimed that the report of the referee fails to show that Lenox Dayton has not sufficient property to satisfy the judgment. The report shows that an execution was issued upon the judgment, and was returned without anything being made thereon. The referee further finds that Lenox Dayton "had no property, real or personal, with clear and unclouded title, subject to levy of execution thereon, save and except two acres of land, *  *  * worth in the aggregate about thirty dollars, and about thirty-one acres, which *  *  * he attempted to convey, if he did not so convey, to one Mrs. Ellen Craven, his daughter, the facts in regard to which are hereafter more fully reported." It will be shown in the progress of this opinion that the tract of land last mentioned, under the finding of the referee relating thereto, cannot be regarded as property so subject to execution as to defeat plaintiff's remedy in chancery.

The finding above quoted will now be considered only as to the other property referred to therein.

The inconsiderable value of the two acres to which Lenox Dayton held a clear title is a sufficient reason to excuse plaintiff from pursuing that property with an execution on his judgment. This, we think, is not disputed by defendant's counsel. The personal property of the judgment defendant, as shown by the finding, was not held by a clear and unclouded title, if the language used can be held to apply at all to property of that class. If he had any such property plaintiff would not be required to levy his execution upon it, for the title thereto was in doubt and uncertain. The finding under consideration shows with sufficient explicitness that defendant in the judgment had no personal property or real estate other than is named, upon which an execution could have been levied. It is not necessary, in a case of this kind, in order to support the right of recovery, to show an execution returned *nulla bona*. The plaintiff may show his inability to collect the judgment by execution. *Postlewait et al. v. Howes et al.*, 3 Iowa, 365; *Gwyer v. Figgins and Figgins*, 37 Iowa, 517.

II. Counsel for defendant insist that it is shown by the report of the referee the thirty-one acres of land, referred to in 2. —: —— the quotation from the referee's report given above, equitable jur-isdiction. is subject to execution upon the judgment, and can be taken for the satisfaction thereof; it is therefore claimed that plaintiff may enforce his remedy at law without resorting to chancery. The findings of the referee upon this point can be fairly presented only in the language of the report. As the findings upon the other points must be hereafter considered, and will be better understood by presenting them in full, we quote all of the report following the quotation therefrom above set out. It is as follows:

"6. That at the time of the commencement of said action for slander by said Miller against said Lenox Dayton the said Lenox Dayton was seized in fee of about five hundred acres of land, situated in the county of Washington and state of Iowa, of which the following described was a part thereof, to-wit:

"The N E ¼ of the N W ¼ and the N E ¼ of the S W ¼ of sec-

tion No. 19, in township No. 76 north, of range No. 8 west; also, the S ½ of the S W ¼ of the N W ¼ of section No. 30 in township 76 north, of range 8 west.

"7. That on the 20th day of January, 1875, the defendant, Lenox Dayton, and his wife, Anna Dayton, made deeds of all his real estate to his children, except two acres worth about $30, the deeds of which land were all delivered at the date of their execution save and except the deed to P. H. Dayton for the land described in plaintiff's petition as being conveyed to their son the said P. H. Dayton, to-wit: the N E ¼ of the N W ¼, and the N E ¼ of the S W ¼ of section No. 19, and the S ½ of the S W ¼ of the N W ¼ of section No. 30, all in township No. 76 north, of range 8 west; and the lands described in the deed to one Mrs. Ellen Craven, a daughter of said Lenox and Anna Dayton, which last mentioned deed included the homestead of said Lenox and Anna Dayton.

"8. That, at the time when said deeds were all made by said Lenox and Anna Dayton, the said P. H. Dayton refused to accept the deed made to him, for the reason that he, if he did accept it, was required by said Lenox Dayton to execute to him a mortgage on said premises described in his deed, providing for the payment of fifty dollars annually to said Lenox Dayton during the lifetime of said Lenox Dayton and his wife Anna Dayton, provided the same should be demanded by said Lenox Dayton each year, and if not so demanded, the payment for said year to be void. A similar mortgage being required of and was made by each of the other children, except Mrs. Ellen Craven.

"9. That the said Mrs. Ellen Craven, at the time of the execution of the deeds aforesaid, was not present, she being at her own home in Jasper county, Missouri, and the deed made to her was placed in the hands of Anna Dayton, her mother, by said Lenox Dayton for her, and at said time she had no knowledge of the execution of the same, but in the spring following was informed of the execution of the deed to her, no evidence being introduced to prove that she did or did not execute the mortgage as required of all the grantees, by said Lenox Dayton.

"10. That the deed to P. H. Dayton was delivered to him

the last day of the trial of the slander suit of Miller against said Lenox Dayton, and the deed to Mrs. Ellen Craven also placed in the hands of said P. H. Dayton by said Lenox Dayton and Anna Dayton to have the same filed for record in the office of the recorder of deeds in and for said county of Washington, state of Iowa, and the said P. H. Dayton did on said day, to-wit: the 26th day of July, 1875, before judgment was rendered, place said deed and his own deed in the office of the recorder aforesaid, for the purpose of having the same recorded, but said deeds were not filed for record nor recorded, for the reason that the recording fees were not paid, and said deeds still remain unrecorded; and the deed to Mrs. Ellen Craven still being in said office.

"11. That since the date of the deeds to said Mrs. Ellen Craven, to-wit: January 20, 1875, the said Lenox and Anna Dayton have occupied and received the rents and profits of the land described therein; that the homestead of Lenox and Anna Dayton was part of the land described therein; that the value of the land not included in the homestead and described in the deed to said Mrs. Craven is about six hundred and fifty dollars.

"12. That in the spring of the year 1864 said P. H. Dayton, with the consent of his father, Lenox Dayton, and with the understanding between them that if he improved the same it should at some future time be deeded to him, took possession of and erected a dwelling house on, and otherwise improved, the N E ¼ of the N W ¼ of section No. 19, in township No. 76 north, of range No. 8 west, and has resided thereon ever since, receiving the rents and profits arising therefrom.

"13. That the said defendant, Lenox Dayton, in the spring of 1875, after the date of the deed made to P. H. Dayton, claimed to be the owner of the N E ¼ of the S W ¼ of section No. 19, in township No. 76 north, of range No. 8 west, and refused to let the defendant, P. H. Dayton, lease the same, but leased the same himself to one Brown, but after the rendition of the judgment in the slander suit, in favor of plaintiff against him, said P. H. Dayton received the rents and profits therefrom.

"14. That the execution and delivery of the deed by said Lenox and Anna Dayton to said P. H. Dayton was voluntary, being without any valuable consideration.

"15. That the defendants, Lenox Dayton and P. H. Dayton, after the commencement of the slander suit by Miller, plaintiff, against said Lenox Dayton (and before judgment rendered therein), did conspire together to effect the conveyance of the N E ¼ of the S W ¼ of section 19, and the S ½ of the S W ¼ of the N W ¼ of section No. 30, all in township 76 north, of range 8 west, for the purpose of hindering and delaying the collection of any judgment plaintiff might obtain against said Lenox Dayton in said suit, and for the purpose and with the intention of placing said real estate beyond the reach of said judgment creditor."

Attention to the parts of the report relating to the thirty-one acre tract, which we are now considering, discloses the fact that a deed was executed therefor to Mrs. Cravens, and delivered to her mother for her, without her knowledge; that it was deposited by her brother, the defendant herein, in the recorder's office, but was not recorded, for the reason of the non-payment of fees. Defendants insist that these facts, and other matters appearing in the report, authorize the conclusion that the title of the lands did not pass to Mrs. Cravens, and the property is, therefore, subject to sale upon execution, which would pass the valid title to the purchaser.

That there was an intention on the part of Lenox Dayton to convey, by means of the deed and the delivery thereof to his wife for her daughter, the legal title to the land is not disputed. That this conveyance would be a cloud upon the title which would be transferred by a sale upon execution cannot be doubted. It may be admitted that such a title would be found invalid in a proper action at law, or that the cloud would be removed in chancery. But it could only be so held at law by establishing the fact that Lenox Dayton failed to carry out his fraudulent intent by the delivery, in due form, of the deed, or in chancery by establishing the fraudulent character of the conveyance. We will not dismiss plaintiff's petition, and

require him to seek a remedy by another action, either at law or in chancery.

That the deed was voluntary and fraudulent on the part of the grantor must be admitted. But if it be found that the deed to defendant was executed for like fraudulent purpose, and will not, therefore, defeat plaintiff's right to take the land, the fact that a fraudulent deed was made to Mrs. Cravens for other land, which may also be rendered subject to the judgment, will afford no defense to this action. In other words, there being separate deeds to the son and daughter, both executed for the same fraudulent purpose, but intended to convey different tracts of land, the plaintiff may maintain his action to set aside either deed, and to subject either tract to his judgment. This position is too plain to require argument in its support. We conclude that the findings of the referee show that plaintiff had no plain and adequate remedy at law, whereby he could subject the lands fraudulently conveyed by Lenox Dayton to his judgment.

III. It is lastly urged by defendant's counsel that as plaintiff's claim, upon which he recovered judgment, was founded

3. ——: ——: on tort, he cannot be regarded as a creditor of tort. Lenox Dayton when the deed to defendant was executed, which was before the judgment was rendered. It is argued that a claim for a tort cannot be regarded as a *debt* until judgment, and therefore the tort-feasor cannot, until that event, be regarded as the debtor of the other party. Counsel concede that the authorities upon this point are, to use their own language, "about evenly balanced." We need not pass upon the question, as an element in the case would not permit the application of the rule announced by defendants, even should we find it to accord with the principles of the law. The element referred to is the fact, as found by the 15th finding of the referee, that the deed to defendant was made in pursuance of an express intention on the part of both father and son to defeat the collection of the claim defendant, at the time, was prosecuting. Surely a fraudulent conspiracy to prevent the collection of a judgment that may be rendered for a tort will not be permitted by equity to be successful in its dis-

honest purpose. Had the fraud no other object than to defeat existing creditors, defendant's position might be reasonable. But when its purpose is specific, to defeat a claim for damages on account of a tort, chancery will not permit it to triumph upon the ground that the claim was not regarded as a debt at the time the fraud was consummated. It has been held that a deed cannot be impeached for fraud if made before the debt sought to be enforced was contracted; but if the conveyance was executed with a view to defraud one who would become a creditor in a transaction contemplated at the time, it will be set aside and the claim will be enforced against the property. *Whitescarver et al. v. Bonney*, 9 Iowa, 480. The rule is applicable to this case.

We have considered all the points made by defendant's counsel. We find no error in the record of the case before us.

AFFIRMED.