Taylor v. Branscombe.

---

TAYLOR v. BRANSCOMBE *et al.*

1. `Actions and Parties`: JOINDER: SUBJECTING PROPERTY HELD BY WIFE TO HUSBAND'S DEBT. Plaintiff held a judgment against one of the defendants, rendered in Kansas. The other defendant was his wife, to whom he had conveyed land in Iowa without consideration. *Held* that plaintiff might maintain an action in chancery against both defendants, who were non-residents, for the purpose of obtaining judgment against the husband, upon the Kansas judgment, and of subjecting the land standing in the wife's name to the payment of the judgment so obtained; since it often happens, in actions in chancery, that the same relief is not sought or granted against all the parties joined as defendants.

2. **Fraudulent Conveyance**: FACTS CONSTITUTING. Plaintiff loaned to one of the defendants, who was his son-in-law, large sums of money, supposing him to have considerable wealth, but when he came to demand payment, he found that he was insolvent, and that he had conveyed his land to his wife. The evidence shows that this conveyance was made, as between the parties thereto, for the purpose of defrauding the plaintiff. *Held* that it should be set aside, even though plaintiff, before he knew of the insolvency, and when he supposed the husband to have ample means, requested such conveyance to be made for the purpose of securing the property to his daughter.

*Appeal from Palo Alto District Court.*—HON. GEORGE H. CARR, Judge.

FILED, MAY 24, 1888.

ACTION in chancery to recover a judgment against one of the defendants, and to set aside for fraud a deed made by that defendant to the other defendant, and to subject the land therein conveyed to the judgment. There was a decree granting the relief prayed for by plaintiff. Defendants appeal.

*Harrison & Jenswold*, for appellants.

*A. F. Call* and *Geo. E. Clarke*, for appellee.

BECK, J.—I. It is first insisted by defendants that the action cannot be maintained, for the reason that there is a misjoinder of causes of action and of defendants. The defendants are husband and wife. The plaintiff recovered a judgment against the husband in Kansas for money loaned and advanced to him by plaintiff. The plaintiff in this action seeks to recover against the husband on this judgment, and caused an attachment to be issued and levied upon certain lands which had been conveyed by the husband to the wife. The petition alleges that the conveyance was made without consideration, in order to defeat the collection of plaintiff's claim, and is therefore void. In the

1. ACTIONS and parties: joinder: subjecting property held by wife to husband's debt.

case of a conveyance of real estate to defraud a creditor, the grantee is regarded by the law as holding the title in trust for the grantor, to be applied in payment of his debt. As ·to the creditor, the law regards the debtor as a *cestui que trust*, having an interest in the trust property which may be attached in any civil action. Code, sec. 2949; *Blaney v. Hanks*, 14 Iowa, 400; *Lathrop v. Brown*, 23 Iowa, 40; *Cook v. Dillon*, 9 Iowa, 407; *Crosby v. Elkader Lodge*, 16 Iowa, 399. The grantor in a deed fraudulently made to defeat a creditor is a proper party defendant in an action to subject the property conveyed to the claim of the creditor. *Potter v. Phillips*, 44 Iowa, 353. The attachment, having been lawfully issued, was a lien upon the property attached for the security of plaintiff's claim, which may be enforced by a creditor's bill against the lands fraudulently conveyed. See cases cited in 3 Pom. Eq. Jur., notes to sec. 1415. It has been held that a creditor's bill may be maintained, without judgment or attachment, in case the debtor is a non-resident, as were defendants in this case. *Pope v. Solomons*, 36 Ga. 541; *Peay v. Morrison's Ex'rs*, 10 Grat. 149; *Scott v. McMillen*, 1 Litt. 302; *Kipper v. Glancey*, 2 Blackf. 356. The rule that a creditor's bill may be maintained before judgment, but after the lands have been seized under an attachment, has been recognized by the practice of the courts of this state in cases within our memory.

II. The husband, as we have seen, is a proper party to be joined with the wife in this action. In addition to the relief sought against him and the wife jointly, judgment is sought against him personally upon plaintiff's claim. But this is not a ground of objection to the action. It often happens, in actions in chancery, that the same relief is not sought or granted against all the parties joined as defendants. The cases cited by defendants' counsel are not in conflict with these conclusions.

III. The plaintiff is the father of the defendant Mrs. Branscombe. He loaned and advanced large sums

Taylor v. Branscombe.

of money to the other defendant, her hus-
**2. FRAUDULENT conveyance: facts constituting.** band, which constituted about all of the father's property. The husband was supposed by him to have considerable wealth. When the plaintiff demanded payment, he discovered that the husband was insolvent, and had conveyed, without consideration, the lands involved in this suit, to his wife. This conveyance both husband and wife testify was made at the request of plaintiff for the purpose of securing the property to the wife. We think it cannot be doubted that, even if such a request were made, the plaintiff did not intend that the husband should thereby put it out of the power of plaintiff to enforce the collection of the claim. If made, it was in the belief and with the understanding that the husband was possessed of ample means; and we think the evidence authorizes the conclusion that the intention of the defendants was not to secure the property to the wife, but to defeat the collection of plaintiff's claim. We have no doubt that if the husband had been solvent, and had therefore no necessity to resort to fraud to conceal his property, the deed to the wife would never have been made. The history of the parties, and the facts of the case as disclosed by the evidence, lead us to the conclusion that the loans were obtained from plaintiff by the husband under false representations, and that he and his wife united in the purpose to hold the property free from the claim of plaintiff. The evidence clearly discloses their fraud and selfishness, and demands that plaintiff have the relief given him by the district court. The judgment is therefore

AFFIRMED.