L. W. CLARK, Appellee, v. J. M. RAYMOND *et al.*, Appellants.

1. **Creditors' Bill:** APPOINTMENT OF RECEIVER: LIEN. Where a creditor caused an attachment to be levied upon lands previously conveyed by the debtor to his son, and garnished the grantee and tenants of the land, and before judgment filed a creditors' bill alleging that the conveyance to the son was fraudulent, and asking that it be set aside, and that, when the plaintiff obtained judgment in the principal case, the said land, and the rents and profits thereof, be subjected to the payment of said judgment, and that, because of the insolvency of said garnishees, a receiver be appointed to take possession of said land, and lease it, and hold the rents, pending the determination of said creditors' bill, *held*, that the plaintiff had no standing in a court. of equity until he had established his claim by a judgment at law, and that his application for a receiver should, therefore, be dismissed.

2. **Appeal:** ORDER APPOINTING A RECEIVER IN VACATION. An appeal to the supreme court lies from an order appointing a receiver, made by a district judge in vacation.

3. **Practice in Supreme Court:** ASSIGNMENTS OF ERROR. Upon an appeal from an order appointing a receiver, where the order is based upon an application contained in a petition, and upon proofs presented by affidavit, no assignment of errors is necessary.

*Appeal from Harrison District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FRIDAY, JANUARY 22, 1892.

THIS is an appeal by the defendants from an order of the district court appointing a receiver to take possession of certain lands, and to rent the same, and collect the rents and profits arising therefrom, and retain the same until the further order of the court.— *Reversed.*

*S. H. Cochrane*, for appellants.

*J. W. Barnhart* and *H. H. Roadifer*, for appellee.

ROTHROCK, J.—I. The application for the appointment of a receiver was in the form of a petition, and

1. CREDITORS'
bill: appoint-
ment of
receiver: lien.
the matter was submitted to the court upon affidavits and counter affidavits. It appears from the record that the defendant J. M. Raymond held the fee title to about twelve hundred acres of land in Harrison county, and that he was largely indebted to divers persons. This indebtedness aggregated about fifty thousand dollars, the greater part of which was secured by mortgages upon said land to about the value of the land. He had no other property with which to pay his debts, excepting certain farming utensils and livestock. On the 31st day of March, 1890, said defendant made a quit claim deed of said land to his son, the defendant L. H. Raymond, who afterwards conveyed an undivided one half of the same to his sister, Rebecca Raymond. The effect of these conveyances was to put the legal title to the land in the said L. H. Raymond and Rebecca Raymond. It does not appear that actions of foreclosure of said mortgages had been commenced as against said J. M. Raymond and the land. The plaintiff herein is the holder of an unsecured promissory note executed by said J. M. Raymond, and the amount due thereon is something more than five thousand dollars. After the land was conveyed by J. M. Raymond, as aforesaid, and on the 8th day of April, 1890, the plaintiff herein commenced an action on said note, and caused all of said land to be attached as the property of J. M. Raymond, and also caused the said L. H. Raymond, Rebecca Raymond, and other persons, who were occupants and lessees of said land, to be garnished in the action. This application for the appointment of a receiver was made within a few days thereafter. The claim made by the plaintiff is that the rents and profits of the said land are of the value of two thousand dollars per annum; that the conveyance thereof by J. M. Raymond to his said son, and the conveyance to Rebecca Raymond, were fraudulent. An issue was made as to the fraudulent character of these conveyances, and the

affidavits in the case were confined to that issue. The petition in the case not only demands that a receiver be appointed, but it is in the nature of a creditors' bill, and demands that, when the plaintiff obtains judgment in his action at law upon the note, the said land, and the rents, issues and profits thereof, be subjected to the payment of said judgment. It appears that, before this proceeding was commenced, the garnishees had answered denying that they were indebted to J. M. Raymond, or had property in their hands belonging to him, and the plaintiff had taken issue on the answers of the garnishees, and the action at law and the issue on the garnishment proceedings stood for trial at the August term, 1890, of the district court. It is averred in the application for a receiver that all of the defendants, including the garnishees, are insolvent.

The question, and the only question to be determined, is whether the plaintiff had the right to have a receiver appointed to oust the grantees of J. M. Raymond from the premises, and to cause the tenants to attorn to the receiver, and to authorize the receiver to rent and manage the land pending further litigation. It may be that, if there was no resistance to such proceeding, a court ought to sustain the application. But the defendants resisted it by answer and by affidavits, which, to say the least, tended to show that the conveyance of the land to J. M. Raymond was not fraudulent. It is to be remembered that these affidavits were not taken and submitted to the court to determine the question of fraud, but for the purpose of enabling the court to determine whether it was a proper case for the appointment of a receiver. The plaintiff is then in this position: He claims the right to maintain a creditors' bill to subject the land to the payment of a claim not yet in judgment, and to have a receiver appointed, because he has attached the property which has been conveyed away by his debtor, and because he has garnished the grantees of the land and their

tenants, and taken issues on their answers. The attachment of the real estate as the property of J. M. Raymond creates no lien as against him, because he has no legal interest whatever in the property. If the attachment suit were to proceed to judgment against him, and a sale of the property had on special execution, the sale and deed would convey no title. It would be necessary to resort to a creditors' bill to set aside the conveyances to his son, and the subsequent conveyance by his son to his daughter. *Howland v. Knox*, 59 Iowa, 46. The garnishee process served upon the grantees of J. M. Raymond, and upon the tenants, creates no lien upon the real estate, nor upon the rents and profits thereof. *Booth v. Gish*, 75 Iowa, 451. The issue now pending between the plaintiff and the garnishees, when tried, will result in the discharge of the garnishees, or in a judgment at law against them, with the possible right, if it be found that they have specific property in their possession belonging to J. M. Raymond, to have the property subjected to the payment of the plaintiff's debt. But it is not claimed that they have such property; the claim is that they are liable in equity to account for the rents and profits of the land, and that because they are insolvent a receiver should be appointed to take possession of the land and lease it, and hold the rents to await the determination of a creditors' bill to subject it to the payment of the plaintiff's claim. In our opinion a creditors' bill will not lie in a case like this. It is a general rule that such a bill cannot be maintained until judgment has been obtained in the principal action, and it must be shown that the judgment defendant is insolvent, and that the debt cannot be collected on execution. *Gwyer v. Figgins*, 37 Iowa, 517; *Gordon v. Worthley*, 48 Iowa, 429; *Pearson v. Maxfield*, 51 Iowa, 74; *Miller v. Dayton*, 47 Iowa, 312.

It is strenuously contended on behalf of the appellant that the action at bar can be maintained because of the attachment. But we have seen that the attach-

ment is a mere barren right, so far as it affects the title held by L. H. Raymond and Rebecca Raymond. The plaintiff has no specific lien upon the property, and cannot have such. lien. Until he by an appropriate action obtains judgment, he has no right to an injunction enjoining J. M. Raymond from disposing of his property, if the title were still in him. *Buchanan v. Marsh*, 17 Iowa, 494. We have discussed the right of the plaintiff to maintain this action, and our conclusion is that he has no standing in a court of equity until he establishes his claim by a judgment at law. If he has no right to maintain the action, it follows that he has no right to demand the appointment of a receiver.

II. The appellee filed and submitted with the case a motion in which it is demanded that the appeal be

2. APPEAL: order appointing a receiver in vacation.

dismissed upon the ground that an appeal will not lie from the appointment of a receiver, made by a district judge in vacation. There is no reason why the order of appointment is not appealable if made in vacation the same as if made in term time. The effect of the appointment and the rights of the parties are affected in one case the same as in the other.

Another ground of the motion to dismiss is that there are no errors assigned, and we are cited to the

3. PRACTICE in supreme court: assignments of error.

cases of *Powers v. County of O'Brien*, 54 Iowa, 501, and *Patterson v. Jack*, 59 Iowa, 632. These cases hold that, where an appeal is taken in a chancery case upon the ruling of the court upon a demurrer or motion, errors should be assigned. In the case at bar there was no motion, in the proper sense of that term. There was no written motion. It was a petition in equity, in which an application was made for a receiver, and the order was made upon the petition proofs. There were no separate grounds of a motion or demurrer considered by the court, and no assignment of errors was necessary.

The order appointing a receiver is REVERSED.