138  322
f141  687

D. H. McKee, v. C. A. Murphy et al., Appellants.

**Creditors' suits:** SUPPLEMENTARY PROCEEDINGS. Code, section 4087,
1 relating to a judgment creditor's right to an equitable action to subject the property of the debtor to the payment of a judgment, etc., provides an entirely different remedy from that of section 3979, seq., relating to the taking of mortgaged personal property on execution.

**Same.** To subject the property of a judgment debtor to the satisfac-
2 tion of a judgment it is not necessary to allege the insolvency of the debtor; nor is an actual levy necessary to bring the plaintiff within the provisions of the statute.

**Same:** APPOINTMENT OF RECEIVER. In the proceeding to subject the
3 property of a judgment debtor to the satisfaction of the judgment, the court or a judge thereof may appoint a receiver in vacation on the petition of either party, where he shows a probable right or interest in the property, and that the same is in danger of being lost, injured or impaired.

*Appeal from Johnson District Court.*— Hon. J. H. Preston, Judge.

Thursday, October 24, 1907.

Petition for Rehearing Withdrawn Saturday, November 30, 1907.

This is an action under Code, section 4087, to subject the property of C. A. Murphy to the satisfaction of a judgment against him, and asking the appointment of a receiver for said property. A receiver was appointed, and, from said order, the defendants appeal.— *Affirmed.*

*W. J. Baldwin,* for appellant.

*Remley & Remley,* for appellee.

Sherwin, J.—As a premise to our consideration of this case on the record presented, we may say that appellant's counsel has made no attempt to comply with the rules of this court governing the preparation and order of his argument, and, had it been assailed by motion, it would undoubtedly have been stricken from the files.

The Johnson County Savings Bank recovered a judgment against the defendants C. A. Murphy and J. B. McCray. Execution was issued on said judgment, and, when the officer having the same was about to levy on the property of said McCray, the latter induced the plaintiff herein to purchase said judgment, whereupon the contemplated levy on McCray's property was abandoned. Thereafter the plaintiff caused a levy to be made on a livery stock owned and in the possession of the defendant Murphy, and still later the plaintiff brought this action to subject said property to the satisfaction of said judgment. In his petition he alleged that the property was incumbered by mortgages, that the true

amount due thereon could not be ascertained by him, and that one of said mortgages was fraudulent and void, and executed for the purpose of hindering and delaying the collection of his judgment. A receiver was asked and on hearing was appointed and qualified by giving a bond as required by the order making his appointment.

Appellants contend that the plaintiff did not proceed under sections 3979 to 3989 of the Code, and, because thereof, that he has no standing in court. These sections relate to levies on mortgaged personal property, and the plaintiff concedes that he did not comply therewith, but says that he brought this action under section 4087. This section provides in substance that, at any time after the rendition of a judgment, an action by equitable proceedings may be brought to subject any property or interest therein belonging to the defendant to the satisfaction of said judgment. Said section also provides that certain persons other than the judgment debtor may be made parties defendant in said action. Section 4087 provides a remedy which is entirely independent of sections 3979 to 3989, inclusive; for we have held that the proceeding under said section is not exclusive. *Hirsch, Elson & Co. v. Israel,* 106 Iowa, 498; *Clark v. Patton,* 92 Iowa, 247; *Buck-Reiner Co. v. Batty,* 82 Iowa, 353.

*1. Creditors' suits: supplementary proceedings.*

Appellants also say that there should have been an allegation that the judgment debtor was insolvent. A sufficient answer to this, however, is to be found in the language of the statute itself, which authorizes the action to subject any property, or interest therein, belonging to the defendant, to the satisfaction of said judgment.

*2. Same.*

It is further said that this action cannot be maintained because ten days had elapsed between the actual levy under execution and the time when the hearing of the application for a receiver was had. An actual levy was not necessary to bring the plaintiff within the provisions of section 4087. Section 4089 provides that the lien shall be created on the

property of the judgment debtor, or his interest therein, from the time of the service " of notice and copy of the petition on the defendant holding or controlling such property or any interest therein." *Falker & Stern v. Linehan,* 88 Iowa, 641. That notice was served in the instant case is clear. If the required petition was not, no issue of the kind was raised in the district court, and it is now too late to raise it.

The appellants filed a general equitable demurrer, which was overruled, and they now claim that such demurrer raised the question of the jurisdiction of the judge to appoint a receiver in vacation. In our judgment the demurrer did not raise the question, but conceding, for the purposes of the case, that it did, it was properly overruled. Code, section 3822, expressly authorizes the appointment of a receiver by a judge in vacation. It says: " On the petition of either party to a civil action or a procedure wherein he shows that he has a probable right to or interest in property which was the subject of the controversy, and that such property or rents and profits are in danger of being lost, materially injured or impaired,  .  .  . the court, or in vacation, the judge thereof,  .  .  .  may appoint a receiver to take charge of and control such property  .  .  .  during the pendency of the action."

3. SAME: appointment of receiver.

The greater part of the appellants' argument is devoted to the denunciation of the plaintiff and his attorneys. The plaintiff bought the judgment, and owned it at the time this action was brought. He had the absolute legal right to enforce it in the way he has sought, and neither he nor his attorneys are subject to just criticism for so doing. While the plaintiff would have been bound to accept payment of the judgment, he was not bound to assign it to any one, and his refusal to do so, constitutes no legal wrong. We have examined the record in this case with care, and we are fully satisfied that the order appointing a receiver was warranted by the facts disclosed, and should be affirmed.

A motion to dismiss the appeal as to certain defendants other than C. A. Murphy was filed and submitted with the case. It is overruled. The disposition of the appeal as to Murphy is conclusive as to the other defendants.— *Affirmed.*