# J. A. LYLE v. BARTON D. SLEGMAN, LUCILE R. SLEGMAN, CECIL L. BELL, NELLIE B. HEFFERNAN AND HENRY WATERHOUSE TRUST COMPANY, LIMITED.

## No. 1384.

### APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT. HON. C. S. FRANKLIN, JUDGE.

SUBMITTED MARCH 17, 1922.                    DECIDED MARCH 23, 1922.

### COKE, C. J., KEMP AND EDINGS, JJ.

EQUITY—*creditor's bill—judgment at law a prerequisite.*

Where not modified by statute it is a general rule, to which there are a few exceptions, that a creditor cannot resort to equity for aid in the collection of his debt until he has established his claim by recovering judgment at law thereon.

SAME—*same—same—insolvency of debtor.*

The insolvency of a debtor does not excuse a creditor from reducing his claim to judgment before resorting to equity for aid in the collection of his debt.

SAME—*same—same—property not reachable by execution.*

The fact that a debtor's interest in the asset sought to be reached by a creditor's bill is an equitable one does not excuse the creditor from basing his bill upon a previous judgment.

### OPINION OF THE COURT BY KEMP, J.

Petitioner filed his bill entitled "Bill for Discovery, Injunction and Relief in Equity," but essentially a creditor's bill, to subject a certain promissory note and mortgage, executed by the respondents Cecil L. Bell and Nellie B. Heffernan, alleged to belong to the respondent Barton D. Slegman, but standing in the name of his wife Lucile R. Slegman, in the actual possession of the Henry Waterhouse Trust Company, Limited, to the payment of his alleged debt against said Barton D. Slegman. It is

alleged in substance that said note was transferred to
Lucile R. Slegman in fraud of the creditors of said Bar-
ton D. Slegman, including the petitioner, and that the
debtor is otherwise insolvent. It does not appear from
the allegations of the bill that the petitioner has reduced
his claim against the debtor to judgment. In fact the
bill discloses that he has not done so and it is not alleged
that it is impossible for him to obtain a judgment. In
view of the conclusions which we have reached as to the
disposition of the questions presented by the appeal before
us we do not deem it necessary to set out even the sub-
stance of the other allegations of the bill. The respond-
ents demurred to the bill and as ground for demurrer
among others set up the fact that the bill affirmatively
shows that no judgment has been had or execution levied.
The circuit judge sustained the demurrer on this ground
and one other and the petitioner has appealed.

Where the rule has not been modified by statute it is
the general rule, to which there are a few exceptions, that
a creditor cannot resort to equity for aid in the collec-
tion of his debt until he has established his claim by pro-
curing judgment thereon. (*Middleditch* v. *Kalanianaole,*
18 Haw. 272; *D'Herblay* v. *Macomber,* 20 Haw. 274; *H.
B. & M. Co.* v. *Bartlett,* 23 Haw. 192.) It has been held
that our statute does not modify the general rule. (*Middle-
ditch* v. *Kalanianaole, supra.*) It remains then for the
petitioner to bring his case within an exception to the
general rule or else fail.

Creditors' bills originated in the ineffectiveness of
legal executions and were designed to aid creditors, who,
having exhausted their legal remedies, still remain with
their debts unsatisfied, to reach property of their debtors
not reachable by ordinary legal process. The theory upon
which equity jurisdiction has developed is that it should
afford a remedy for every wrong, reparation for which is

not to be gained in courts of law and the necessary result of this is that equity will not interfere in a case wherein the parties have an adequate legal remedy which has not been exhausted. It is an elementary rule that to enable one to file a creditor's bill he must have exhausted all legal remedies which might afford him the redress which he seeks. (*National Tube Works Co.* v. *Ballou,* 146 U. S. 517; *Cates* v. *Allen,* 149 U. S. 451.) In the application of the rule just stated it must often be determined under peculiar facts whether or not the complainant is sufficiently without legal remedies to become entitled to the aid of equity's extraordinary ones. Courts do not agree as to when this is so. For instance, it has been held that if it is impossible to obtain a personal judgment against a debtor by reason of his nonresidence or of the fact that he has absconded, there being no adequate remedy provided by statute whereby his property can be reached, a creditor's bill will lie in the first instance from the necessity of the case if the debtor have property reachable thereby. (*Pope* v. *Solomons,* 36 Ga. 541; *Taylor* v. *Branscombe,* 74 Ia. 534, 38 N. W. 400; *Corn Exchange Bank* v. *Applegate,* 91 Ia. 411; *Earle* v. *Circuit Judge,* 92 Mich. 285; *Overmire* v. *Haworth,* 48 Minn. 372, 31 Am. St. Rep. 660; *Pendleton* v. *Perkins,* 49 Mo. 565; *Merchants' National Bank* v. *Paine,* 13 R. I. 592.) Other state courts hold to the contrary. (*Ladd* v. *Judson,* 174 Ill. 344; *Smith* v. *Moore,* 35 Ala. 76.)

It has also been held that the insolvency of a judgment debtor renders the issuance of an execution and a return thereof *nulla bona* unnecessary as a condition precedent to the filing of a creditor's bill although this holding is not universally followed. (*Thurmond* v. *Reese,* 3 Ga. 449, 46 Am. Dec. 440; *Miller* v. *Dayton,* 47 Ia. 312; *Turner* v. *Adams,* 46 Mo. 95; *Bomberger* v. *Turner,* 13 Oh. St. 263, 82 Am. Dec. 438; *Enright* v. *Grant,* 5 Utah 334; *Whitehouse* v. *Point Defiance etc. R. R.*

*Co.,* 9 Wash. 558; *Case* v. *Beauregard,* 101 U. S. 688.) *Contra.* (*Adsit* v. *Butler,* 87 N. Y. 585.)

As to whether or not the insolvency of the debtor will enable the creditor to file a creditor's bill before having reduced his claim to judgment the cases are also in almost hopeless conflict. In one line of cases it is held that a creditor should .not be required to procure a judgment upon which execution must prove fruitless—that it may be otherwise satisfactorily proved to the court that the debtor has not sufficient property of which levy can be made by legal process and that the creditor should not be prejudiced in the enforcement of his rights by useless delay. (*Austin, Nichols & Co.* v. *Morris,* 23 S. C. 393; *Alabama Iron etc. Co.* v. *McKeever,* 112 Ala. 134; *Kempton* v. *Hallowell,* 24 Ga. 52, 71 Am. Dec. 112; *Earle* v. *Circuit Judge, supra.*) It is believed, however, that these cases do not meet the argument set forth in the cases holding that a judgment is a prerequisite to the creditor's right to file his bill against an insolvent debtor. The recovery of a judgment against an insolvent can scarcely be considered useless since it establishes the creditor's claim, which cannot properly be done in equity. (*Austin* v. *Bruner,* 169 Ill. 178; *Clark* v. *Raymond,* 84 Ia. 251; *Kankakee Woolen Mill Co.* v. *Kampe,* 38 Mo. App. 229; *Estes* v. *Wilcox,* 67 N. Y. 264; *Ginn* v. *Brown,* 14 R. I. 524; *McKeldin* v. *Gouldy,* 91 Tenn. 677.)

The petitioner has urged the insolvency of the debtor as a reason why he should be permitted to pursue his equitable remedy without first having obtained a judgment at law. In accordance with the great weight of authority and what we regard as the better reasoning we hold that the insolvency of the debtor does not excuse the creditor from first procuring a judgment before filing his bill.

It is also suggested that the debtor's estate in the note and mortgage is a mere equitable one which cannot be

reached by any proceeding at law and that this constitutes another exception to the general rule. The authorities do not seem to recognize any such exception. When a creditor comes into equity to reach interests or assets of his debtor not subject to execution, as trust interests, distributive shares in the estates of decedents, choses in action and the like, it is plain that he has sufficiently exhausted his legal remedies when he has obtained judgment. By so doing he has established the validity and amount of his claim, which he could not properly do in a court of equity. It is generally held, however, that a creditor's bill in such a case must be based upon a previous law judgment. (*Smith* v. *R. R. Co.*, 99 U. S. 398; *Smith* v. *Moore, supra; Robinson* v. *Springfield Co.*, 21 Fla. 203; *Ginn* v. *Brown, supra; Clark* v. *Strong*, 16 Oh. 318; *Thurber* v. *Blanck*, 50 N. Y. 80.) We think it will be found that cases holding to the contrary are governed by statutes. The circuit judge committed no error in sustaining the demurrer on the ground that the petitioner had not reduced his claim against the debtor to judgment.

The decree sustaining the demurrer is therefore affirmed.

*Brown, Cristy & Davis* for petitioner.

*W. B. Lymer* and *Marguerite K. Ashford* for respondent B. D. Slegman.

*Robertson & Castle* for the other respondents.