CLYDE A. PORTER, Appellee, v. NANCY M. WINGERT et al., Appellants.

**FRAUDULENT CONVEYANCES:** Remedies of Creditors—Basis for
1 Creditor's Bill. A judgment *in rem* against the real estate of a nonresident furnishes sufficient basis for the institution of an action in the nature of a creditor's bill, to set aside a fraudulent transfer of the property and to subject the property to the payment of the judgment.

**FRAUDULENT CONVEYANCES:** Evidence—Sufficiency. Evidence
2 held sufficient to establish the fraudulent nature of a conveyance of real estate.

Headnote 1: 15 C. J. p. 1393. Headnote 2: 27 C. J. p. 821.

*Appeal from Guthrie District Court.*—W. S. COOPER, Judge.

DECEMBER 15, 1925.

ACTION in equity, in the nature of a creditor's bill, to subject certain property to the payment of a judgment in favor of plaintiff. The trial court granted the plaintiff the relief prayed.—*Affirmed.*

*R. R. Nesbitt* and *P. W. Walters,* for appellants.

*Sayles & Taylor,* for appellee.

FAVILLE, C. J.—I. On the 4th day of October, 1923, appellee instituted an action at law against appellant Nancy M. Wingert, and on said date caused an attachment to issue, which

1. FRAUDULENT CONVEYANCES: remedies of creditors: basis for creditor's bill.

was levied upon certain real and personal property. At said time, the said Nancy M. Wingert was a nonresident of the state of Iowa, and service of the original notice in said action was had by publication only. Subsequently, and at some date not shown, but prior to October 24, 1923, judgment *in rem* was entered in said cause, fixing the amount of appellee's claim in said action, and ordering special execution to issue for the sale of the attached property. On October 24, 1923, this action was instituted in equity, wherein appellee set up the proceedings that had been had in the prior suit, and alleged that the property upon which levy had been made in said action had been conveyed to appellant R. L. Williams prior to the institution of said action and the levy of said attachment. It was also alleged that Williams was a nonresident of the state, and that the conveyance of said property had been made at a time when appellant Wingert was insolvent, and that said conveyance was made to hinder, delay, and defraud the creditors of the said Wingert. After some preliminary proceedings, and in due time, appellant Williams appeared and filed answer in said cause, and the same proceeded to trial. It does not appear that Wingert was served or appeared. The conveyances in question, from Wingert to Williams, were made in the year 1922, and were recorded on February 1, 1923, and hence were of record for several months before the time the attachment suit was instituted.

Under the common law, it is the general rule that a creditor's bill cannot be maintained until personal judgment has been obtained against the debtor, and an execution issued and returned *nulla bona.* 15 Corpus Juris 1393. The courts of this country have quite generally departed from this doctrine. In many states, a statutory method of procedure is pointed out. Section 11815 *et seq.,* Code of 1924; *Peterson v. Gittings,* 107 Iowa 306; *Ware v. Delahaye & Purdy,* 95 Iowa 667, 680.

We have held, however, that the statutory method is not exclusive. *Hirsch, Elson & Co. v. Israel,* 106 Iowa 498; *McKee v. Murphy,* 138 Iowa 322.

We have also held that issuance of an execution and a return *nulla bona* are not a prerequisite to the maintenance of the equitable action. *Loving v. Pairo,* 10 Iowa 282; *Miller v. Dayton,* 47 Iowa 312.

Insolvency may be shown, as a matter of fact, by the evidence without such execution and return. *Gordon v. Worthley,* 48 Iowa 429.

Again, we have held that a personal judgment is not a prerequisite to the maintenance of the equitable action. It can be maintained where the party has a lien on the property or is in a situation to perfect such lien. *Buchanan v. Marsh,* 17 Iowa 494; *Goode v. Garrity,* 75 Iowa 713; *Faivre v. Gillman,* 84 Iowa 573; *Hansen's Empire Fur Fact. v. Teabout,* 104 Iowa 360; *Peterson v. Gittings,* supra; *Ware v. Delahaye & Purdy,* supra.

It is contended by appellant that the judgment *in rem* entered in the attachment suit involved herein could not be made the basis of the subsequent action in equity to submit the attached property alleged to have been fraudulently conveyed to the satisfaction of appellee's claim. In the instant case, the defendant in the attachment proceedings was a nonresident of the state of Iowa. The property was seized under attachment as the property of such nonresident defendant. Due notice by publication was had, as provided by statute, and a judgment entered that the attached property should be sold in satisfaction of the claim of the plaintiff in said action. Immediately thereafter, this action in equity was instituted, and, as a basis for said action, appellee set out all of the proceedings that had been had in the attachment suit, and the relief asked was that the property so attached be subjected to the satisfaction of appellee's claim. Although it was not reduced to personal judgment, no question is raised as to the amount of appellee's claim, as fixed in the attachment suit.

Appellee proceeded under the general attachment statute against the property of a nonresident debtor, and served notice by publication, as provided by statute. Sections 12105 and 12106, Code of 1924, provide for a levy on the equitable interest in real estate of a grantor who has conveyed the same in fraud of creditors. Appellee did not proceed under these sections of the statute, but obtained a general attachment against the debtor

as a nonresident. No rights of third parties are involved, however. Notwithstanding the failure to adopt the method provided for in said Sections 12105 and 12106, we are of the opinion that, as between the parties, the levy upon the property of a nonresident defendant and the service of notice by publication under the general statute providing for attachments in such cases, were sufficient to furnish the basis for the institution of the instant case immediately thereafter, to subject said attached property to the satisfaction of appellee's claim and to determine the question as to whether or not the prior conveyance by the debtor was in fraud of creditors. The question appears to have been determined by our previous cases. In *Taylor v. Branscombe*, 74 Iowa 534, we said:

"The attachment, having been lawfully issued, was a lien upon the property attached for the security of plaintiff's claim, which may be enforced by a creditor's bill against the lands fraudulently conveyed. See cases cited in 4 Pom. Eq. Jur., notes to Section 1415. It has been held that a creditor's bill may be maintained, without judgment or attachment, in case the debtor is a non-resident, as were defendants in this case."

In *Corn Exch. Bank v. Applegate*, 91 Iowa 411, it appears that the debtor had conveyed certain real estate. About a year thereafter, action was commenced against him, which was aided by attachment, and a levy was made on the land so conveyed. A judgment was entered against the property in said attachment suit, which was pleaded by way of amendment in a suit previously commenced, to set aside said conveyance as fraudulent. The alleged fraudulent grantee intervened, setting up that the lands had been conveyed to him before the commencement of the attachment suit. The situation was very analogous to that in the instant case. We held that the action could be maintained, especially where the intervener was a resident of the state and injected his claim for adjudication into the main case. In the instant case, appellant Williams was a nonresident, and came into the case by motion, after default, and tendered answer.

In *First Nat. Bank v. Eichmeier*, 153 Iowa 154, we said:

"The claims of plaintiff had not been reduced to judgment prior to beginning this suit. As defendants were nonresidents, this was unnecessary. Relief in the way of judgment against

the debtor, and subjecting the land in the wife's name, was rightly sought in the same action.''

In *Ratekin v. Droge Elev. Co.*, 190 Iowa 596, we held that, where the debtor is a nonresident of the state, it is not necessary for a creditor to reduce his claim to judgment, before questioning the *bona fides* of a transfer of his property, and that all that is essential as a basis for assailing the purported transfer was a lien on the property transferred, and that this was obtained by garnishment under a writ of attachment.

In other jurisdictions it has been held that an attaching creditor acquires a specific lien by virtue of the attachment levy, which may be the basis of a creditor's suit against an insolvent debtor to set aside a fraudulent transfer. As bearing on said question, see *Heyneman v. Dannenberg*, 6 Cal. 376; *Rinchey v. Stryker*, 28 N. Y. 45; *Conroy v. Woods*, 13 Cal. 626; *Lindley v. Cross*, 31 Ind. 106; *Quarl v. Abbett*, 102 Ind. 244; *Field v. Holzman*, 93 Ind. 205; *Scott v. M'Millen*, 1 Litt. (Ky.) 302; *Anderson v. Bradford*, 6 Marsh. (Ky.) 69; *Pendleton v. Perkins*, 49 Mo. 565; *Merchants' Nat. Bank v. Paine*, 13 R. I. 592; *Stanton v. Embry*, 46 Conn. 595; *Peay v. Morrison Exrs.*, 10 Gratt. (Va.) 150.

Under the record, we hold that appellee was in a position to maintain the action.

II.   The only remaining question is one of fact, as to whether the transfer was fraudulent as to appellee.

The vendor and vendee are sister and brother. Though we do not set out the evidence in detail, it is sufficient to satisfy us that, at the time of the conveyance, the debtor was insolvent, at the time of making the transfers. The conveyances recite a consideration of one dollar, which is a circumstance only, but one proper to consider, under the facts of this case. The vendee was not present when the deeds were executed. They were prepared in advance by the vendor in Iowa, and taken to the state of Nebraska, and withheld from record for a period of about four months. The vendor remained in full possession and control of all of the property after the execution of the instruments. The transfer included a stock of millinery. The vendee was a farmer, living in Nebraska, and made no inspection of the property.

2. FRAUDULENT CONVEYANCES: evidence: sufficiency.

The question of the insolvency of the debtor depends, to a large extent, upon opinion evidence as to the value of the property in question at the time of the transfers; but we are satisfied that there is sufficient competent evidence to establish the fact of such insolvency.

Appellants contend that the transfers were made in good faith, in settlement of a prior indebtedness from the vendor to the vendee. The evidence regarding this claim is very unsatisfactory. The explanation of the failure to produce the notes claimed to have been given to evidence such claimed indebtedness does not appeal to us as being very persuasive, and it is far from satisfactory. We are disposed to acquiesce in the conclusion of the trial court on the fact question presented.

The decree appealed from is—*Affirmed*.

STEVENS, DEGRAFF, and VERMILION, JJ., concur.