FEDERAL RESERVE BANK OF CHICAGO, Appellee, v. GEORGE
GEANNOULIS et al., Appellants.

**ATTACHMENT: Levy—Equitable Interest—Procedure.** Plaintiff does not, by alleging (under authority of Sec. 12106, Code of 1924), in an action on a promissory note, that the maker had fraudulently conveyed his property, and by praying for an attachment on the property and for a decree subjecting the property to plaintiff's judgment, thereby eliminate the necessity of equitable proceedings to reach said property.

**TRIAL: Calendars—Right to Trial at Law.** A plaintiff who, in an ordinary action on a promissory note, alleges a fraudulent transfer by defendant of his property and prays for an attachment and a decree subjecting the property to his judgment, does not, by docketing said action in equity, deprive defendant of the right to a transfer to the law calendar of that part of the action which involves his liability on the note.

Headnote 1: 27 C. J. p. 718.   Headnote 2: 38 Cyc. p. 1292.

Headnote 2: 26 R. C. L. 1013.

*Appeal from Winnebago District Court.*—M. H. KEPLER, Judge.

JULY 1, 1927.

An action to recover on a promissory note. From rulings on separate motions made by each of the defendants to transfer part of the case to the law side of the calendar the defendants appeal. —*Reversed.*

*Senneff, Bliss & Witwer,* for appellants.

*Thompson, Loth & Lowe* and *Charles L. Powell,* for appellee.

ALBERT, J.—Plaintiff filed a petition in equity, suing as an innocent purchaser on a promissory note dated October 6, 1925,

for $4,500, executed by the defendant Geannoulis, of which note

1. ATTACHMENT: levy: equitable interest: procedure.

plaintiff became the holder in due course. Plaintiff alleges that it is now the owner and holder of the same, and that it is due and wholly unpaid. It further alleges that Geannoulis is a nonresident of the state of Iowa, and that he has disposed of his property, in whole or in part, with intent to defraud his creditors; that, on the 27th day of November, 1925 (two days after the due date of the note), Geannoulis and wife conveyed a lot in Forest City, Iowa, to Katsoulis; and that said real estate was conveyed and said conveyance received for the purpose of hindering, delaying, and defrauding the creditors of said Geannoulis, and in particular this plaintiff; that the defendants have also caused to be recorded in the office of the recorder of said county a pretended bill of sale, whereby the defendant Geannoulis purports to transfer to the defendant Katsoulis personal property consisting of fixtures, machinery, and stock located in the building on said property; that the same is now in the possession of Katsoulis; and that said bill of sale was likewise for the purpose of hindering, delaying, and defrauding the creditors of said Geannoulis, and in particular this plaintiff. Wherefore, plaintiff prays for a writ of attachment against defendant Geannoulis, and that the same be levied upon the above described real estate and personal property therein, as provided by Section 12106 of the Code of 1924; that plaintiff have judgment on said note for the principal, interest, and costs, including attorney's fees; that the attachment be confirmed and judgment be decreed a lien upon said property, senior to the rights of the defendant Katsoulis; that the said property be sold to satisfy said judgment, and for equitable relief.

Geannoulis filed a motion to transfer the case to the law docket, on the ground that the issues tendered were but law issues, and that the defendants are entitled to have the question of liability upon the alleged note tried to a jury.

Katsoulis bases his motion on the ground that the liability of Geannoulis is the first question to be determined in the case; that, if it be found that Geannoulis is not liable, the question of transfer of the property becomes immaterial; that Geannoulis's liability is purely a law question, triable to a jury, and is a prerequisite to the matter of setting aside the conveyance made to

Katsoulis.  Wherefore, Katsoulis asks that the liability of Geannoulis be transferred to law, and tried to a jury.

The court overruled both of these motions to transfer, and both defendants appeal from these rulings, the correctness of which is the only question raised.

The first part of the petition is stated as an ordinary action on a promissory note.  The grounds were then alleged for an attachment, and the remainder of the petition is devoted to the allegations of a fraudulent conveyance of a certain lot, building, and contents thereof to the defendant Katsoulis.  The relief asked is: (1) That an attachment issue against both the real and personal property.  (2) That plaintiff have judgment against the defendant Geannoulis on the promissory note sued on.  (3) That, by reason of the attachment and levy thereunder, the judgment be decreed a lien superior to the rights of the defendant Katsoulis, and that the property be sold, to satisfy the judgment, and for equitable relief.

The record shows that attachment was issued and levy made accordingly.  The question, therefore, is whether, this petition being taken as a whole, the plaintiff tenders any equitable issues.  It seems to be settled in this state that, where a cause of action is properly commenced in equity, the court will retain jurisdiction for all purposes, and determine the legal issues presented.  This question was quite fully discussed, and all previous decisions cited, in the case of *Williamsburg Sav. Bank v. Donohoe,* 203 Iowa 257.

We are now to determine, therefore, whether this action was properly commenced in equity; and if so, under the rule announced in the case above cited, the ruling of the district court would not be erroneous.

Equitable jurisdiction is tested by the situation as it existed when the suit was begun; and matters subsequently occurring cannot oust it.  *Rosen v. Mayer,* 224 Mass. 494; *Busch v. Jones,* 184 U. S. 598; *Miller v. Edison Elec. Illuminating Co.,* 184 N. Y. 17; *Michigan Iron & Land Co. v. Nester,* 147 Mich. 599; *Mutual Life Ins. Co. v. Blair,* 130 Fed. 971.

That a creditor's suit to subject property fraudulently conveyed is within the jurisdiction of a court of equity, is held in *Howland v. Knox,* 59 Iowa 46; *Boggs v. Douglass,* 89 Iowa 150;

27 Corpus Juris 716; 4 Pomeroy's Equity Jurisprudence (3d Ed.), Sections 1413 and 1415.

A number of our early Iowa decisions held that, under these circumstances, the original claim must be put into judgment before an action on a creditor's bill could be maintained. Later, we held that, under certain circumstances, the proceedings for judgment on the original claim and an action to subject the property could be brought in the same proceeding. *Taylor v. Branscombe*, 74 Iowa 534; *Gates v. McClenahan*, 124 Iowa 593; *First Nat. Bank v. Eichmeier*, 153 Iowa 154; *Ratekin v. Droge Elev. Co.*, 190 Iowa 596; *Porter v. Wingert*, 200 Iowa 1371.

Section 12106, Code of 1924, provides that:

"The grantor of real estate conveyed in fraud of creditors shall, as to such creditors, be deemed the equitable owner thereof, and such interest may be attached as above provided, when the petition alleges such fraudulent conveyance and the holder of the legal title is made a party to the action."

Section 12103 provides that:

"Real estate or equitable interests therein may be attached."

Section 12104 provides how such levy shall be made, and provides that the levy, when so made, "shall be a lien thereon from the time of an entry made and signed by the officer making the same upon the incumbrance book in the office of the clerk of the county in which the land is situated."

Section 12114 provides that:

"The plaintiff shall, from the time such property is taken possession of by the officer, have a lien on the interest of the defendant therein, and may, either before or after he obtains judgment in the action in which the attachment issued, commence action by equitable proceedings to ascertain the nature and extent of such interest and to enforce the lien."

This section is authority for the proposition that the action to ascertain the nature and extent of the interest of the defendant and to enforce the lien acquired by the attachment is purely of equitable cognizance; and is also authority for the proposition that such action may be commenced either before or after the judgment is obtained on the original claim. It must follow, therefore, that the part of this action which asks that the lien

acquired by reason of the attachment be enforced as against the defendants was properly brought in equity.

Again, Section 10944 provides that, if the plaintiff errs as to the kind of proceedings adopted, the action shall not abate or be dismissed, but may be transferred to the proper docket.

Section 10945 provides that the plaintiff may cause the same to be changed without motion, at any time before the defendant answers, or afterward on motion in court.

Section 10946 provides that:

"The defendant may have the correction made by motion at or before the filing of his answer, where it appears by the provisions of this Code wrong proceedings have been adopted."

This case is peculiar in that it is determinable upon the issues tendered by the plaintiff, and not upon the issues made by the answer of the defendants; hence many of the cases cited in the brief have no application.

In the case of *Porter v. Wingert,* supra, as in the instant case, the debtor was a nonresident, and no personal judgment could be entered against him. The proceedings in the *Porter* case were not under Sections 12105 and 12106, but purely an action in equity. The question, then, narrows itself to this: Did the enactment of Sections 12105 and 12106 eliminate or make unnecessary the supplemental proceedings or the action in equity in order to reach this property? Or, in other words, where the plaintiff avails himself of the provisions of Sections 12105 and 12106, does it eliminate the necessity of the exercise of equitable jurisdiction, in order to subject the property, and leave wholly an action at law?

We are not disposed to so hold. As heretofore suggested, the question of whether or not the conveyance had in fact been made with the intent on the part of both the vendor and the vendee to defraud the vendor's creditors, and the question of the amount of the equitable interest of the vendor, are wholly questions of equitable cognizance.

But this is not a solution of the question before us. As before stated, aside from the matters creating equitable issues, there is also included in the petition the ordinary action for judgment on a promissory note. It is too well settled to need citation of authority that an ordinary action on a promissory note is wholly a

2. TRIAL: proper calendar: right to trial at law.

law action, and in no way savors of equity. The motion filed in this case was to transfer to the law docket that part of the action which had to do with the suit for recovery on a promissory note, as against the principal defendant. This motion should have been sustained. It was the right of the defendant to have this question of his liability on this promissory note determined by a jury, and the plaintiff could not deprive him of this right by mixing with its action on the note the allegations of equitable cognizance which it did in this case.—*Reversed*.

EVANS, C. J., and DE GRAFF, MORLING, and KINDIG, JJ., concur.