L. LAWRENCE, Appellee, v. B. F. STANTON et al., Appellants.

No. 40627.

JUNE 20, 1931.

Wisdom & Kirketeg, for appellants.

M. R. Brant and J. M. Haddock, for appellee.

EVANS, J.—In support of their objections on special appearance, the defendants assail the sufficiency of the petition. Their objections thereto, and their arguments in support of them, are quite in the nature of a demurrer. They avail little to the appellants for the purpose of their special appearance. The petition is not a model. It is fairly susceptible at least to a motion, and perhaps to a demurrer. Its deficiencies and its redundancies are subject to amendment by motion or otherwise, and so subject under the order and supervision of the court. They have no necessary effect upon the jurisdiction. The plaintiff filed a petition conformable to Sections 11092 and 11093. The petition described the land against which relief is sought, and prayed relief in relation thereto. These sections provide as follows:

"11092. *Real estate—action indexed.* When a petition affecting real estate is filed, the clerk of the district court where filed shall forthwith index same in an index book to be provided therefor, under the tract number which describes the property, entering in each instance the cause number as a guide to the record of court proceedings which affect such real estate. If the petition be amended to include other parties or other lands, same shall be similarly indexed. When the cause is finally determined the result shall be indicated in said book wherever indexed."

"11093. *Lis pendens.* When so indexed said action shall be considered pending so as to charge all third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's rights."

The plaintiff thereby established a *lis pendens.* By appropriate service of notice outside of the State, he also established the jurisdiction of the court *in rem* as against the property de-

scribed. The jurisdiction of the court in such a case is not dependent upon the sufficiency of the petition. Read v. Howe, 39 Iowa 553; Ruppin v. McLachlan, 122 Iowa 343; McKee v. Murphy, 138 Iowa 322; Shedenhelm v. Cafferty, 174 Iowa 195. See, also, cases collated in 15 C. J. 735. It is suggested by the appellant that no copy of petition was served upon the defendants as provided by Section 11817.

 This requirement of such section is not essential to the jurisdiction. It is material only to determine priority in a race of creditors. Shedenhelm v. Cafferty, 174 Iowa 195; McKee v. Murphy, 138 Iowa 322.

The argument of appellant is principally devoted to the infirmities of the petition. This is in the nature of a defense on the merits. If we were to give effect to it, we could do so only by holding that the argument constituted a general appearance. This would subject the defendants to an unintended personal jurisdiction. We therefore ignore the question of merit on the face of the petition and confine our consideration to the narrower limits of the question of jurisdiction. The district court properly sustained the sufficiency of the procedure to confer jurisdiction *in rem*.

Its order is accordingly affirmed.

ALBERT, MORLING, KINDIG, and GRIMM, JJ., concur.